## STATE v. MATT FAY.[1]

June 15, 1900.

Nos. 12,212—(260).

Forgery—Indictment.

> An indictment for uttering as true forged paper, purporting on its face to have been issued by an agent in the name of his principal, which sets out the instrument in hæc verba, need not aver the authority of the agent.

Defendant was convicted in the district court for Itasca county

[1] Reported in 83 N. W. 158.

of forgery in the second degree, whereupon the court, Holland, J., at his request certified to the supreme court for its determination the question whether the indictment stated facts sufficient to constitute a public offense.   Affirmed.

*C. C. McCarthy*, for defendant.

*W. B. Douglas*, Attorney General, and *J. R. Donahue*, County Attorney, for the State.

START, C. J.

The defendant was indicted, tried, and convicted at the January term, 1900, of the district court in and for the county of Itasca, of the crime of uttering a certain forged instrument.   The charging part of the indictment reads as follows:

"The said Matt Fay on the 20th day of June, A. D. 1899, at the village of Deer River, in the county of Itasca and state of Minnesota, did then and there wilfully, wrongfully, unlawfully, and feloniously, with intent to defraud one F. D. Coleman, utter, offer, and dispose of to said F. D. Coleman, as true, a forged instrument in writing, the false making of which is punishable as forgery, in words and figures as follows, to wit:
'June 19th, '99.   Deer River, Minn.   P. McDonnell, of Duluth, Minn., pay to Matt Fay or order sixty-five dollars and thirty-five cts., for labor at Cedar Camp.   P. McDonnell, by John McDonnell.'
[Indorsed on back] Matt Fay.   The said Matt Fay then and there well knew the said instrument was a forged instrument,— contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Minnesota."

After sentence the trial judge certified to this court the question whether the indictment states facts sufficient to constitute a public offense.

The objection of defendant to this indictment is: That no facts are alleged which will enable the court to see that if it were genuine it would possess any legal efficacy, because there is nothing alleged to show that John McDonnell was authorized to execute for P. McDonnell, as agent or otherwise, such an instrument as the one set out in the indictment.   Therefore the indictment does not charge a public offense.

The case of State v. Wheeler, 19 Minn. 70 (98), is cited and relied upon in support of the proposition.   In that case the indictment attempted to charge the defendant with the forging of a grain-

elevator receipt, purporting on its face to be a statement that the elevator company had received a certain number of bushels of wheat on account of the party named therein, or bearer. The instrument did not, on its face, purport to have been signed by the company, by an agent or otherwise. It was simply signed, "M. Good, Inspector," and there were no allegations in the indictment of extrinsic facts showing the relation of the signer, if any, to the elevator company. The court therefore held that the case fell within the rule that, where the apparent legal efficacy of the forged writing depends on special and extrinsic facts, they must be averred in the indictment.

Clearly, the case cited is not in point, for in this case the writing alleged to have been forged purports on its face to have been executed by P. McDonnell, by John McDonnell. Hence it appears on the face of the instrument that, if it were genuine, it would possess legal efficacy as the order of P. McDonnell for the payment of money. Therefore a representation that the instrument is genuine necessarily includes a representation that John McDonnell was authorized to execute it for P. McDonnell. Now, when the defendant uttered the instrument as true, knowing it to be forged, he thereby represented and affirmed that the agent purporting to execute it for his principal had authority so to do. He is bound by his own representations, and it was not necessary to allege in the indictment or prove on the trial such agency. Were it otherwise, all that it would be necessary for a party putting off forged paper to do in order to escape conviction would be to deal in such paper only as purported on its face to be executed by an agent for his principal, but who in fact had no authority to represent the principal in any case. It follows that an indictment for uttering as true forged paper purporting on its face to have been issued by an agent in the name of his principal, which sets out the instrument in hæc verba, need not aver the authority of the agent. State v. Goodrich, 67 Minn. 176, 69 N. W. 815; State v. Riebe, 27 Minn. 315, 7 N. W. 262; Cross v. People, 47 Ill. 152. The indictment in this case falls within this rule, and states a public offense.

Judgment affirmed.