## 937.   McLEAN v. THE STATE.

1. Under the Penal Code, § 243, as amended by the act of 1907, the forgery of any writing, not otherwise provided for in the Penal Code, or the uttering as true said forged writing, with intent to defraud, is made penal. Any extrinsic facts requisite to render the writing efficient as the means of consummating a fraud need not appear on the face of the indictment, but can be shown by evidence.
2. The indictment set out in the language of the statute an instrument in writing which is, by the terms of the statute, the subject-matter of forgery.
3. The description of the property which the maker of a written contract agrees to sell a named person or his assigns is sufficiently certain when it shows what property is intended to be conveyed, and when, by the aid of parol evidence, its precise location is capable of ascertainment, and its identity can thus be established.

Indictment for forgery, from Fulton superior court—Judge Roan.   December 14, 1907.

Argued February 3,—Decided February 14, 1908.

*J. E. & L. F. McClelland, Hines & Jordan,* for plaintiff in error.
*C. D. Hill, solicitor-general,* contra.

HILL, C. J.   McLean was charged with the crime of forgery, in the following indictment: (Formal parts omitted) "He did falsely and fraudulently make and forge the following contract and writing, to wit:

'Atlanta, Ga. Sept. 17th, 1907.
'State of Georgia, Fulton County.

'For and in consideration of five hundred ($500) dollars, I hereby agree to sell H. A. McLean or his assigns my property at Buckhead, Georgia, for $225.00 per acre, and if said H. A. Mc-Lean or his assigns buy said property before twelve months from date, he is to get credit of $500.00 paid as part of purchase-money. Said property has a frontage of five hundred and seventy-eight (578) feet on Peachtree Road, and twenty-seven hundred and sixty (2760) feet more or less on Pace's Ferry Road.   This contract is copy of one signed by Mrs. K. C. Keith.          Mrs. R. P. Keith.
Witness:   Mrs. R. C. Clark, A. E. Brown.'

"With intent to defraud Mrs. R. P. Keith.   And the said H. A. McLean uttered and published said contract and writing as true, on John S. Owens, with intent to defraud him, the said John S. Owens, knowing the same to have been so falsely and fraudulently

made and forged." Before arraignment and pleading to the merits, the defendant demurred to the indictment, on the following grounds: "1. That no offense is charged in said indictment. 2. That the defendant is not guilty of the offense of forgery, under the facts set out in the indictment. 3. Because it is alleged in said indictment that the contract and writing alleged to be forged is a copy of one signed by Mrs. K. C. Keith, and it is not alleged that said original contract was forged. 4. Because said contract appears upon its face to be invalid and incapable of being used to defraud any person, in that it is void for want of any sufficient description of the land therein referred to." The court overruled the demurrer, and error is assigned on this judgmnt.

It is insisted that the instrument set out in the indictment can not be the subject of forgery, because it is so imperfect and incomplete that no one can be defrauded by it. The indictment is framed under section 243 of the Penal Code, as amended by the act of 1907 (Acts 1907, p. 57), which provides, "If any person shall fraudulently make, sign, forge, counterfeit or alter, or be concerned in the fraudulent making, signing, forging, counterfeiting or altering any other writing not herein provided for, or shall fraudulently utter, publish, pass or tender the same, knowing the said writing to be forged or counterfeited, or falsely and fraudulently uttered, with intent to defraud any person," etc. The indictment denominates the instrument set out a "contract and writing." It is a contract for the sale of land, and both the forging and the uttering are embraced in the terms of the section as amended, because such instrument is not elsewhere provided for. The legislature intended to embrace in this general section every species of writing that could be used to defraud another. *Travis v. State,* 83 *Ga.* 376 (9 S. E. 1063). We do not think the instrument as set out in the indictment is either obscure, imperfect, or incomplete. By its plain terms the maker, Mrs. R. P. Keith, for the consideration of $500, agrees to sell to H. A. McLean or his assigns her property therein described, at a stipulated price per acre. This contract is dated and properly executed. If genuine, this contract could be enforced by McLean or any other person to whom he might assign it. If any extrinsic facts were necessary to show how this instrument could be used as an efficient means of perpetrating a fraud, such facts could be proved. They need not

be set out in the indictment. Under our Penal Code, §929, the indictment need only state the offense in the terms and language of the statute, or so plainly that the nature of the offense charged may be easily understood by the jury. The indictment charges that the forged instrument was uttered and published as true, on John S. Owens, with intent to defraud said Owens. If the evidence showed that the instrument in fact was a forgery, and was falsely and fraudulently uttered as true by the defendant, on John S. Owens, and Owens, believing it to be genuine, paid money in consideration of the assignment to him, the case would be made out. If the instrument is incomplete, and yet one which "if genuine, is capable of having some legal effect," it would be the subject-matter of forgery. *Allgood* v. *State,* 87 *Ga.* 668 (13 S. E. 569). We have no doubt that the instrument, if genuine, would have the legal effect to compel a sale by Mrs. Keith of the land therein described, to whomever might hold her agreement so to sell.

The averment in the third ground of the demurrer, that the instrument set out in the indictment is alleged to be a copy of an original, and the original is not alleged to be a forgery, is not a fair or correct deduction from the allegation in the indictment. The instrument as set out contains these words: "This contract is copy of one signed by Mrs. K. C. Keith." These words can only mean that the original of the contract set out in the indictment and signed by Mrs. R. P. Keith is like or similar to the one signed by Mrs. K. C. Keith. In other words, a contract signed by A, which purports to be a copy of one signed by B, necessarily means that there are two instruments of the kind, one signed by A and the other signed by B. But if there was any ambiguity on this point in the writing, parol evidence would be admissible to explain it.

The last ground of the demurrer is that the instrument is void for want of any sufficient description of the land therein referred to. The general rule determining the sufficiency of a description in a deed is, that the deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed. Again, if the description is general, the particular land to which the description applies may be ascertained by parol evidence, and the deed will not be held void for uncertainty if, with the aid of such evidence, the land intended to be con-

veyed can be located. 2 Devlin on Deeds, §1012. "Where it can be gathered from the words employed in a deed that the intention of the grantor was to convey the whole of a tract of land owned by him, even a vague description of the same will suffice, if, by the aid of competent parol evidence, its precise location is capable of ascertainment, and its identity can thus be established." *Huntress* v. *Portwood,* 116 *Ga.* 356 (42 S. E. 513), and citations. "The description of the property conveyed in a deed is sufficiently certain where it shows the intention of the grantor as to which property is conveyed, and makes its identification practicable." "If a surveyor, by applying the rules of surveying, can locate the land, the description is sufficient." *Andrews* v. *Murphy,* 12 *Ga.* 431. We give illustrations of descriptions held sufficient: "All lands and real estate belonging to the said party of the first part, wherever the same may be situated," is sufficient to pass any land belonging to the grantor at the time of the execution of the deed. Pettigrew *v.* Dobbelar, 63 Cal. 396; Brown *v.* Wane, 16 Nev. 228; *Oliver* v. *Powell,* 114 *Ga.* 592, 602 (40 S. E. 826). A deed for "one half of my lot," when it is shown by extrinsic evidence that the grantor owned but one lot at the time in that place, is not void for vagueness or uncertainty of description. Lich *v.* Odell, 3 Cal. 59 (58 Am. D. 383); 2 Devlin on Deeds §1013. But it is useless to multiply authorities.

Testing, by these well-settled principles, the description contained in the instrument set out in the indictment sub judice, it becomes perfectly clear that the description of the land is sufficiently certain and definite, or can be made so by parol evidence. Id certum quod est reddi certum potest. The judgment overruling the demurrer to the indictment is                                        *Affirmed.*

---

### 944. WRIGHT *v.* THE STATE.