THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* NEWTON C. DOUGHERTY, Plaintiff in Error.

*Opinion filed October 28, 1910.*

1. FORGERY—*it is not essential to crime of forgery that the instrument be in due legal form.* The fact that a forged order was directed to the "Peoria Board of School Inspectors" and purported to be signed by order of the "Peoria Board of School Inspectors," by its secretary and president, whereas the true corporate name of such corporation is "The Board of School Inspectors of the City of Peoria," does not deprive the crime of the character of forgery.

2. SAME—*same indictment may charge forging instrument and passing the instrument.* The same indictment may charge the defendant with forging an instrument and passing the instrument so forged, and as the punishment for each of such offenses is the same, the court may, upon a plea of guilty, enter one judgment without specifying the count upon which it is based.

3. SAME—*it will be presumed that different counts relate to the same transaction.* Where different counts of an indictment charge the defendant with forging an instrument and with passing the instrument so forged, it will be presumed, in the absence of anything to show the contrary, that the charges relate to the same transaction; but no presumption is necessary where each count sets out the instrument *in hæc verba,* thereby showing that there was but one transaction.

Writ of Error to the Circuit Court of Peoria county; the Hon. N. E. Worthington, Judge, presiding.

Louis Greenberg, R. L. Dougherty, and Martin Connor, for plaintiff in error:

An instrument that is void or without apparent legal efficacy on its face cannot be the subject of forgery. 1 Bishop's New Crim. Law, sec. 748; *Goodman* v. *People,* 228 Ill. 154; *People* v. *Harrison,* 8 Barb. 560.

The court will take judicial notice of the act of 1869 creating the board of school inspectors of the city of Peoria. Advantage can be taken of a bad indictment after a plea of guilty. *Klawanski* v. *People,* 218 Ill. 481.

The plea of guilty was entered as to each and every count in the indictment. It was error to enter judgment upon that plea. *Parker* v. *People,* 97 Ill. 32; *Tobin* v. *People,* 104 id. 566.

An indictment charging forging and uttering, in different counts, will not support a general verdict of guilty. *State* v. *Pierce,* 136 Mo. 34; *State* v. *Karlowski,* 142 id. 463; *State* v. *McCormack,* 56 Iowa, 585.

A plea of guilty is equivalent to a verdict by a jury. 12 Cyc. 355; Clark's Crim. Proc. 372.

That the judgment of the court must specify the crime of which the defendant stands convicted, where the felonies are distinct and require different punishments, requires no citation of authorities. A certified copy of the judgment constitutes a *mittimus.* Hurd's Stat. chap. 38, par. 456.

W. H. Stead, Attorney General, and Robert Scholes, State's Attorney, (June C. Smith, and A. M. Otman, of counsel,) for the People:

After a plea of guilty the indictment can only be attacked upon the ground that it fails to charge an offense. *Klawanski* v. *People,* 218 Ill. 481.

A judgment of conviction on a general verdict of guilty will be sustained although some of the counts in the indictment are bad. It is sufficient if there is one good count in the indictment. *People* v. *Smith,* 239 Ill. 91; *Ochs* v. *People,* 124 id. 399; *Lyons* v. *People,* 68 id. 271; *Hiner* v. *People,* 34 id. 297; *Sahlinger* v. *People,* 102 id. 241.

Each count in the indictment related to the same transaction and charged the same offense. It is both proper and legal to join a count for forging an instrument with a count for passing the same instrument, in the same indictment. In such cases it is not permissible to have a separate conviction and judgment under each count, but there should only be one judgment. *Parker* v. *People,* 97 Ill. 32.

There was only one judgment in the case at bar and there was no misjoinder of counts or of offenses. The forgery, if committed by plaintiff in error, was but preparatory to and formed a part of the crime of passing the forged instrument. *Parker* v. *People,* 97 Ill. 32.

The objection that two or more distinct offenses are joined in one indictment does not render the indictment bad. Such an objection cannot be raised after verdict. 1 Bishop's Crim. Proc. secs. 447, 449; *Thompson* v. *People,* 125 Ill. 256.

The punishment imposed in this case was that authorized by law to be inflicted for the offense charged in either count of the indictment, and it must be sustained. *Lyons* v. *People,* 68 Ill. 271.

Where a defendant in an indictment charging two separate offenses is found guilty generally, and a punishment is imposed which is by law authorized to be inflicted for either offense charged, the judgment must be sustained. *Love* v. *People,* 160 Ill. 501.

Where there is nothing to show that the several counts in an indictment do not relate to the same transaction it will be presumed that each count charges the same offense and not different offenses. *People* v. *Peters,* 241 Ill. 273.

An instrument is one of legal efficacy within the rules relating to forgery where by any possibility it may operate to the injury of others. *Gordon* v. *Commonwealth,* 100 Va. 825; *People* v. *Rathbun,* 21 Wend. 509; *Williams* v. *State,* 61 Ala. 33; *People* v. *Munroe,* 100 Cal. 664; *Hickson* v. *State,* 61 Neb. 763.

Mr. JUSTICE COOKE delivered the opinion of the court:

At the November term, 1905, of the Peoria circuit court, five indictments were returned against the plaintiff in error, Newton C. Dougherty, each charging the crime of forgery. Each indictment was based upon an alleged forged order for the payment of money, purporting to have been issued by the Peoria Board of School Inspectors, and each indictment set out *in hæc verba* the instrument upon which it was based, and charged in the various counts thereof that the plaintiff in error had forged the order or scrip, that he had forged as an endorsement thereon the name of the payee, and that he had uttered or passed the instrument. Each indictment was based upon a separate order, the only difference among them being in the amounts for which they were drawn and in the names of the payees. At the same term of court the plaintiff in error entered his plea of guilty to each of these indictments, upon which pleas there was entered one judgment in each case, and upon each judgment he was sentenced to the penitentiary under the Indeterminate Sentence act, the judgment and sentence being for a "term of imprisonment not to exceed the maximum nor less than the minimum term as. provided by law for the crime of which said defendant was convicted and sentenced." He now brings the judgment of the circuit court in each of these cases here for review by writ of error, and as the questions raised in each case are identical they have been consolidated as one.

Plaintiff in error urges two grounds for the reversal of these judgments: First, that each indictment shows upon

its face that the instrument upon which it is predicated is void, and therefore cannot be made the basis of an indictment for forgery; and second, that each indictment charges three separate and distinct felonies, varying in degree and in the punishment to be inflicted, in which one judgment cannot be entered and an indeterminate sentence passed upon a general plea of guilty to the whole indictment.

The basis of the first reason urged is, that in each case the order alleged to have been forged and passed was directed to the treasurer of the "Peoria Board of School Inspectors," and was signed by order of the Peoria Board of School Inspectors, by N. C. Dougherty, secretary, and B. Meals, president, whereas the correct corporate name of the corporation, as created by statute, is "The Board of School Inspectors of the City of Peoria," the contention being, that as there was no such corporation as the "Peoria Board of School Inspectors," the instrument, on its face, was void and could not be made the basis of a charge of forgery. It is not indispensably necessary that the instrument forged be in due legal form. It is sufficient if the instrument, supposing it to have been genuine, might have been prejudicial. Had the Board of School Inspectors of the city of Peoria regularly ordered the payment of a valid claim against it and had issued its order in the form of the instrument here alleged to have been forged, there can be no doubt of the liability of the board to pay the amount of the order, or of the right of the payee to enforce payment as against the sole claim that the order was not issued in the proper corporate name of the board. If, then, the board itself could issue a valid order in these terms, it is apparent that the false making of such an instrument constitutes the crime of forgery.

Plaintiff in error next contends that in each of these indictments he is charged with the crime of forging the instrument, with the crime of uttering and passing the instrument so forged, and with the crime of uttering and passing

a fictitious instrument for the payment of money of a corporation, when, in fact, there was no such corporation in existence, each being a separate and distinct offense, varying in degree and in the punishment to be inflicted. There is no basis for the contention that plaintiff in error, by any of these indictments, was charged with the crime of uttering or passing a fictitious instrument. Each of the indictments is based upon section 105 of the Criminal Code, which defines the crime of forgery, and no count or counts of any of the indictments are based upon section 107 of the Criminal Code, which defines the crime of passing or uttering a fictitious instrument for the payment of money of some corporation when, in fact, no such corporation is in existence. This being true, these records do not present the question of whether, under a plea of guilty to each and every count of an indictment charging separate and distinct felonies varying in the punishment to be inflicted, a judgment can be entered without specifying upon which count the same is based and the defendant sentenced to the penitentiary for a period not to exceed the maximum nor less than the minimum term as provided by law for the crime of which said defendant was convicted. The plaintiff in error is charged in each of these indictments with two separate and distinct offenses, namely, with that of forging an instrument and with passing the instrument so forged. The punishment for these two offenses is precisely the same. The charge of two different offenses growing out of the same transaction may be embraced in different counts of the same indictment. (*Lyons* v. *People,* 68 Ill. 271; *Parker* v. *People,* 97 id. 32; *Campbell* v. *People,* 109 id. 565.) It is apparent on the face of each indictment that the several counts thereof relate to the same transaction, as in each count the instrument upon which the indictment is predicated is set out *in hæc verba.* Even if it were not apparent upon the face of each of these indictments that the several counts relate to the same transaction, in the absence of any-

thing to show the contrary. it would be presumed that the charges contained in each count related to the same transaction. (*West* v. *People,* 137 Ill. 189; *People* v. *Peters,* 241 id. 273.) The forgery alleged in each of the indictments, if committed by plaintiff in error, was but preparatory to and formed a part of the crime of passing the forged instrument, and had he been tried instead of entering a plea of guilty he could have been convicted and sentenced upon each indictment for one offense, only. (*Parker* v. *People, supra.*) Upon a plea of guilty to each of the indictments the court properly entered one judgment in each case, and there is no uncertainty whatever as to the sentence passed as regards the minimum and maximum time of its duration.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*