## STATE v. M. N. BARBER.

### [62 South. 361.]

1. FORGERY. *Indictments. Sufficiency.*

An indictment for forgery which sets out the instrument *in haec verba*, which it avers was the subject of the alleged forgery, and charges that the instrument was in fact a forgery, and that it was forged by defendant "intending to cheat and defraud" a named party, is not bad, because it did not charge in what manner, or by what means, the consummation of the fraud would be possible, nor what was the apparent connection between the transaction and the party to be defrauded, as it is not necessary to plead the evidence by which the fraud is to be proven.

2. SAME.

It is not necessary that an indictment for forgery should contain averments showing how the false instrument would, if true, create, increase, diminish, discharge, or defeat any pecuniary obligation, or would transfer or affect any property whatever.

APPEAL from the circuit court of Wayne county.

HON. J. L. BUCKLEY, Judge.

M. N. Barber was indicted for forgery, a demurrer was sustained to the indictment and the state appeals.

The facts are fully stated in the opinion of the court.

*Frank Johnston,* assistant attorney-general, for appellant.

I respectfully submit to the court that every element constituting the crime of forgery is fully stated in this indictment. The indictment is most clearly and specifically charged.

This is a case where the whole instrument is forged. It is apparent that the main objection to this indictment stated in the demurrer is, that there could be no fraud practiced on Fagan & Company by the forgery of this

statement of cotton sales. It is obvious that the writing which is alleged to be forged in this case had ample efficacy on its face for the purpose of the forgery and for effecting a fraud on Fagan & Company if the instrument had been genuine. The rule on this subject is, that the writing shall possess some apparent legal efficacy because otherwise it would have no tendency to defraud. 19 Cyc. 1379.

I concede that the writing may be one which, if genuine, might be used to the injury of another, but I insist also that if this instrument has sufficient apparent legal efficacy to be the basis for perpetrating a fraud, if it had been a genuine instrument then the crime is forgery.

On this general subject, I refer the court to the following cases: *People* v. *Tomlinson,* 35 Cal. 503; *Burden* v. *State,* 120 Ala. 388; *Cox* v. *State,* 66 Miss. 14; *People* v. *Cady,* 6 Hill (N. Y.) 490; *Barnum* v. *State,* 15 Ohio, 717.

It is obvious that if this receipt, or statement of cotton sales, had been a genuine document that it would have been evidence that Fagan & Company owed Barber the sum of one hundred and fifty-four dollars and ninety-two cents, and he could unquestionably have collected that amount from Fagan & Company. The writing purports to be a statement made by Fagan & Company of the purchase of two bales of cotton by said firm from Barker at fourteen cents a pound, giving the number of bales, the cost of weighing and the net credit balance due to Barber of one hundred and fifty-four dollars and ninety-two cents.

The court will observe that this is not an indictment for uttering a forged instrument, but an indictment *per se* for forgery. It is, therefore, immaterial, that Barber did not successfully perpetrate a fraud on Fagan & Company by getting this money from them on the strength of this forged instrument. It makes a complete offense in itself of forgery that Barber feloniously and fraudulently forged this instrument with the fraudulent pur-

pose and intention of using it for the purpose of getting this money from Fagan & Company.

It will not do to say that Fagan & Company would have seen at once that this was a forgery when it was presented to them. The whole test of the matter being in regard to the legal efficacy of an instrument so far as the crime of forgery is concerned, that if it was a genuine instrument that it would be capable of accomplishing the purpose of forgery. This cotton statement of Fagan & Company showing this alleged credit to Barber could have been used by Barber against Fagan & Company by transferring it to some individual who would present it to Fagan & Company, or Barber might have intended to use it for some settlement with Fagan & Company in which his anticipation was that it would pass scrutiny and be accepted as an item of credit to him in some settlement with Fagan & Company.

I think it is immaterial how bungled a forged instrument may be, provided only that if the instrument was genuine there could be a fraud perpetrated under it. The rule on this subject and the whole rule in regard to the alleged efficacy of an instrument alleged to be forged as a means of perpetrating a fraud is simply this: that if the instrument was genuine, could it have been, or might it have been used to perpetrate a fraud. This cuts off the inquiry as to whether or not with certainty it can be said that the forger would have accomplished the purpose, but assuming that the instrument was a genuine instrument, the whole test is whether or not he might have used it successfully and for the purpose for which the forgery was actually made.

I concede also that an indictment must allege an intent to defraud, but it is the well settled rule of law on this subject that it is not necessary in the indictment, after alleging the forgery and the fraudulent and felonious intent to defraud, to specifically set forth the manner in which the fraud was intended to be effected. 19

Cyc. 1395.   *Jackson* v. *Commonwealth,* 34 S. W. 14, 14
(Ky. case) ; *West* v. *State,* 22 N. J. Law, 212; *Snell* v.
*State,* 2 Humphreys (Tenn.) 347.

I respectfully submit, therefore, that the judgment of
the lower court should be reversed.

*J. B. Saxon,* for appellee.

As we understand it, this court has held that any ex-
traneous matters relied upon to sustain a charge of for-
gery must be set out in the body of the indictment.

We contend in the second place, that under any proper
construction of the indictment as drawn the writing
charged to be forged does nothing more than set out a
true statement of a transaction between the defendant
and R. W. Fagan & Company.   We think it is clear that
the heading of the instrument charged to be forged is
nothing more than a bill head of the said R. W. Fagan
& Company, and the remainder of said instrument is
simply an unsigned statement of a transaction between
the parties.

Immediately following the instrument charged to be
forged, the indictment charges that said instrument of
writing was intended and purposed to show a credit in
favor of M. N. Barber in the hands of R. W. Fagen & 
Co., in the sum of one hundred and fifty-four dollars and
ninety-two cents, and to show also, that the said R. W.
Fagan & Company owed the said M. N. Barber the sum
of one hundred and fifty-four dollars and ninety-two
cents, for two bales of cotton sold the said Fagan & Com-
pany by the said M. N. Barber.

We think those allegations clearly show that the cot-
ton referred to in said instrument was actually sold by
Barber to Fagan & Company, and we think that the in-
ference from the language of said indictment is clear that
said instrument also sets out that the said R. W. Fagan
& Company owed the said M. N. Barber one hundred and
fifty-four dollars and ninety-two cents, for two bales of
cotton sold by him to said partnership.

Touching this point we quote from the statement of facts in the brief of counsel for the state:

"The indictment charges that Barber forged a statement of account purporting to be between himself and R. W. Fagan & Co., which shows on its face that Fagan & Company had sold two bales of cotton for him and for his account, and purporting to show that Fagan & Company held in their hands to his credit for this cotton one hundred and fifty-four dollars and ninety-two cents."

Now, if it be true that said indictment sets out these facts, we cannot understand how the simple written statement executed by Barber could be a forgery, under the law. If it be true that R. W. Fagan & Company, bought of M. N. Barber two bales of cotton (and the indictment shows this to be true, and counsel for the state admit it in their brief), how could Fagan & Company be defrauded by a statement setting forth the truth of the transaction thus had between Fagan & Company and himself? Granting that Barber wrote the instrument set out in the indictment, he did nothing more than make up a statement, and, according to the terms of the indictment, a true statement of a transaction had between him and the said R. W. Fagan & Company. And we repeat that we are totally unable to see how R. W. Fagan & Company could have been defrauded thereby.

We insist in the next place, and this point is raised by the grounds of the demurrer, that the indictment does not undertake to show, and does not in fact show, how, or in what manner, the said R. W. Fagan & Company could have been defrauded by the execution of the instrument in question.

But suppose we are mistaken in our contention that the indictment shows upon its face that the defendant sold to R. W. Fagan & Company the cotton, still we contend that the indictment is further fatally defective in that it does not negative the idea that Barber did in fact sell to R. W. Fagan & Company and owed the said Bar-

ber the sum of one hundred and fifty-four dollars and
ninety-two cents, because if it be true that Barber sold the
partnership in said cotton, or that the partnership owed
him one hundred and fifty-four dollars and ninety-two
cents for cotton, then in that event the instrument could
not, even if it had legal efficacy, work a fraud against the
said R. W. Fagan & Company. We therefore insist that
the instrument is fatally defective in that it does not nega-
tive those two points. In other words, our contention
is that the indictment must set out, in specific terms
that the statement charged was a false statement, that
Barber did not sell the cotton therein mentioned to Fa-
gan & Company, or that Fagan & Company did not owe
the said Barber the said sum of one hundred and fifty-
four dollars and ninety-two cents in order to be capable
of defrauding Fagan & Company.

In support of the above contentions on behalf of the
defendant, we cite the following authorities: *State* v.
*Chapman,* 60 So. 722; *Griffin* v. *State,* 96 Miss. 309;
*Wilson* v. *State,* 85 Miss. 687; *State* v. *Sturgeon,* 53 So.
703; *State* v. *Starling,* 90 Miss. 252.

COOK, J., delivered the opinion of the court.

An indictment was returned by the grand jury of
Wayne county against appellee, which, omitting the for-
mal parts, reads this way, viz.:

"That M. N. Barber, on the —— day of ——, A. D.
1910, in the county aforesaid, intending to cheat and de-
fraud R. W. Fagan & Company, a copartnership com-
posed of R. W. Fagan and R. O. Peel, of its goods, wares,
merchandise, and money, did unlawfully, fraudulently,
feloniously, and falsely forge and counterfeit a certain
instrument in writing, to wit, a receipt, in words and
figures as follows, to wit:

" 'Waynesboro, Miss., 10/22/1910.

" 'M. N. Barber.

" 'R. W. Fagan & Co., Dealers in General Merchandise, Coffins, Caskets and Manufacturers of Naval Stores.

By 2 B/C.......................:.........564 at 14  78.96

                                          544          76.16
                                                    ——————
                                                    155.12

To weighing                                            .25
                                                    ——————
                                                    154.92'

—which said writing was intended and purposed then and there to show a credit in favor of M. N. Barber in the hands of R. W. Fagan & Company of the sum of one hundred and fifty-four dollars and ninety-two cents, and to show that the said R. W. Fagan & Company owed the said M. N. Barber the sum of one hundred and fifty-four dollars and ninety-two cents for two bales of cotton sold by the said M. N. Barber to the said R. W. Fagan & Company.''

To this indictment a demurrer was interposed, wherein the following grounds of demurrer were assigned: (1) Because said indictment charges no offense against him. (2) Because said indictment fails to show how or in what respect R. W. Fagan & Company would be cheated or defrauded of its goods, wares, merchandise, or money, through the instrument charged to be forged. (3) Because said indictment is so vague, indefinite, and uncertain in its allegations that it does not disclose to the defendant how or wherein, R. W. Fagan & Company could be cheated or defrauded by the instrument charged to be forged. (4) And for other causes to be assigned upon the hearing hereof. (5) Because said indictment shows upon its face that the said R. W. Fagan & Company could not be defrauded by the instrument charged to be forged.

The trial court sustained the demurrer; hence this appeal by the state.

It will be observed that the indictment sets out the instrument in *haec verba,* which it avers was the subject of the alleged forgery, and it is charged that the instrument was in fact a forgery, and that it was forged by defendant, "intending to cheat and defraud R. W. Fagan & Company." As we understand the argument of appellee, it amounts to this: That the indictment is bad, because the pleader did not charge in the indictment in what manner, or by what means, the consummation of the fraud would be possible, nor what was the apparent connection between the transaction and the party to be defrauded. This, we think, was not necessary. It is never necessary to plead the evidence by which the fraud is to be proven. *People* v. *Van Alstine,* 57 Mich. 74, 23 N. W. 594; *People* v. *Ah Woo,* 28 Cal. 206; *Snell* v. *State,* 2 Humph. (Tenn.) 347.

It is not necessary that the indictment should contain averments showing how the false instrument would, if true, create, increase, diminish, discharge, or defeat any pecuniary obligation, or would transfer or affect any property whatever. Ency. of Pleading & Practice, vol. 9, page 588; *Cox* v. *State,* 66 Miss. 20, 5 South. 618. It is only necessary to charge that the instrument was forged with the felonious intent to defraud the party named, and how, or in what manner, or by what means the fraud was to be consummated is not an ingredient of the crime charged, but is a mere matter of evidence.

We think the indictment is good, and the demurrer should have been overruled.

*Reversed and remanded.*