(No. 5722.   April 30, 1931.)

In the Matter of the Application of VIOLA LOWE for a Writ of Habeas Corpus.

[298 Pac. 940.]

Turner K. Hackman, for Petitioner.

Fred J. Babcock, Attorney General, Maurice H. Greene and Z. Reed Millar, Assistant Attorneys General, for Respondent.

GIVENS, J.—Petitioner, convicted of forgery, unsuccessfully appealed, and now in the penitentiary, contends the information did not state a cause of action, for three reasons.

An information may be sufficient to support a judgment attacked by *habeas corpus*, even though it might have been held insufficient on demurrer, motion in arrest of judgment, or on appeal. (*In re Dawson*, 20 Ida. 178, 190, 117 Pac. 696, 35 L. R. A., N. S., 1146; *In re Bottjer*, 45 Ida. 168, 260 Pac. 1095; *Ex parte Solway*, 82 Mont. 89, 265 Pac. 21; 12 R. C. L. 1202.)

The information charged the forgery of an order drawn by the chairman and clerk of a school district, and countersigned by the county superintendent, to the county

auditor, for the issuance of a warrant chargeable against the funds of the said school district, under C. S., secs. 911, 913 and 914. These sections denominate such instrument an "order," and clearly its effect, if valid, would result in the payment of money, which brings it within the purview of C. S., sec. 8408. (*People v. Bibby,* 91 Cal. 470, 27 Pac. 781.)

Petitioner further attacks the information because it designates the school district as No. 39 in Twin Falls County, instead of, as she contends is the correct name, "Common School District" No. 39, etc. There is nothing on its face to show that the information was not correct, or sufficiently definite to apprise petitioner what school district was intended. (*People v. Dougherty,* 246 Ill. 458, 92 N. E. 929; *Carrell v. State,* 84 Tex. Cr. 554, 209 S. W. 159.)

Where the instrument alleged to be forged is copied *in haec verba,* in the information, and it purports on its face to be valid, regular, subject to forgery, indicating the party who would be defrauded thereby, indicating the relationship of parties, whose names appear in the instrument, and any organizations thereby designated, to the transaction, as appears from the instrument herein, no descriptive or extraneous allegations are necessary. (*People v. Mc-Glade,* 139 Cal. 66, 72 Pac. 600; *People v. Johnson,* 7 Cal. App. 127, 93 Pac. 1042; *Lacy v. State,* 33 Okl. 161, 242 Pac. 296; *State v. Smith,* 32 N. M. 191, 252 Pac. 1003; *State v. Fay,* 80 Minn. 251, 83 N. W. 158; *Reeves v. State,* 51 Tex. Cr. 604, 103 S. W. 894; *McLean v. State,* 3 Ga. App. 660, 60 S. E. 332; *MacGuire v. State,* 91 Miss. 151, 44 So. 802; *State v. Barber,* 105 Miss. 390, 62 So. 361; *People v. Hoyt,* 145 App. Div. 695, 130 N. Y. Supp. 505.)

Writ quashed and the petitioner is remanded to the custody of the warden of the penitentiary.

Lee, C. J., and Varian and McNaughton, JJ., concur.

Budge, J., did not participate.