(No. 30064.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE A. PRICE, Plaintiff in Error.

*Opinion filed September 18, 1947.*

George A. Price, *pro se*.

George F. Barrett, Attorney General, of Springfield, and Max A. Weston, State's Attorney, of Rockford, (Robert R. Canfield, of Rockford, of counsel,) for the People.

Mr. Justice Fulton delivered the opinion of the court:

The plaintiff in error, George A. Price, hereinafter referred to as the defendant, was indicted on January 15, 1943, on three counts in the circuit court of Winnebago county. The first count charged forging of a check, the second count charged the passing of a forged instrument and attempting to pass the same as genuine, and the third count charged the uttering and passing of a forged instrument. He was arraigned on January 15, 1943, in open court and the record shows he was furnished with a copy of the indictment and lists of the witnesses and jurors. The record shows that he reported to the court his inability to employ counsel and thereupon the court appointed William D. Knight, an attorney of Rockford, Illinois, to represent him. The court at its own instance entered a motion to quash the indictment and continued the matter for a hearing. The record shows that on March 9, 1943, the motion to quash was overruled and thereupon a plea of not guilty was entered by the defendant. The case was then called for trial, the impanelling of the jury began. and

on the following day a complete panel of jurors was obtained; they were sworn and the trial proceeded. The record shows that after hearing the opening statements of counsel, the evidence, the arguments of counsel and the instructions of the court, the jury retired to consider its verdict in charge of a sworn officer, and that afterwards the jury returned to open court and returned its verdict, finding the defendant guilty of forgery as charged in the first and third counts of the indictment. The record shows that a motion for a new trial was filed by the defendant and that on March 19, 1943, after a hearing thereon, the court overruled the motion and that on that same date judgment was entered and the defendant was sentenced to the penitentiary for a period not less than one year nor more than fourteen years. There is no bill of exceptions filed.

The defendant contends that the court erred in making an appointment of counsel when he stated to the court that he did not desire an attorney. He also contends that, since he made no affidavit that he was without funds to employ counsel or wanted counsel appointed for him, the court erred in appointing counsel for him. In addition to these errors he contends that the verdict and judgment are contrary to the law because the making and forging of a check is a distinct crime from the uttering and passing of a forged check and that proof of one is not sufficient to warrant conviction of the other. He also complains that he was denied his right to due process of law guaranteed him by the fourteenth amendment of the United States constitution.

We first consider the argument that the court erred in making an appointment of counsel when defendant stated he did not desire counsel. Where there is no bill of exceptions filed it is our duty to review only the common-law record and we may not consider errors that are not shown therein. The defendant contends that his brother employed counsel for him but this counsel refused to enter

the case when he learned that the court had appointed other counsel for him and that the court-appointed counsel refused to withdraw from the case in favor of the counsel employed by the brother. A careful examination of the record does not disclose any conduct by the court in appointing counsel other than that the court appointed counsel upon the defendant reporting to the court that he was unable to employ counsel. Attached to the abstract of the record as an appendix thereto is a letter from the court reporter in which he recites the colloquy between the court and the defendant at the time the defendant was arraigned. Even considering this as part of the record, there is no reason shown for sustaining the alleged error since there is nothing in the record to indicate that the court-appointed attorney refused to withdraw his appearance in favor of another attorney. On the contrary, it appears that he represented the interests of the defendant and no complaint is made as to the manner in which he represented the defendant. If, in fact, the attorney had refused to withdraw his appearance, all that would have been necessary, to obtain that result, would have been for the defendant to have notified the court.

The next objection made by the defendant, namely, that he was prejudiced by the fact that the court appointed counsel for him without requiring him to make an affidavit that he was unable to employ counsel and desired counsel, is not well taken. The purpose of the statute is to grant to defendants unable to employ counsel the right and ability to obtain counsel. Certainly an objection that the court did something for the defendant's benefit which he was not compelled to do under the law is not an error and is certainly not a prejudicial error under any theory of the law. Everything from the record and the other evidence indicates that the court did everything which was proper for a fair trial of this cause. It is to be noted that from the date of arraignment and the appointment of counsel

until the date of the trial nearly two months passed. The record also shows that deliberation was taken in selecting the jury, for impanelling of the jury commenced on one day and was not completed until the following day. It was not until more than a week after the verdict of the jury that the hearing on the motion for new trial was had and sentence imposed. We do not believe that the action of the court in appointing counsel without requiring the defendant to make oath that he was unable to employ counsel and desired counsel is error.

The next error relied upon by the defendant is that he was improperly convicted under two counts of the indictment. The first count charged forging the instrument and the other count charged issuing and uttering it. This is not a case in which making a forged check was charged and uttering a forged instrument proved, but is a case in which the jury found him guilty of both offenses. Likewise, it is not a case where the defendant was found guilty on both counts and separate judgments and sentences entered, but in the case at bar, on the contrary, the trial court recognized that the two counts arose from the same offense and entered but one judgment and one sentence on the verdict. The punishment for either of the offenses charged in the two counts is the same as that which was imposed and, therefore, the judgment on the verdict is proper. *People* v. *Dougherty,* 246 Ill. 458.

A careful review of the record and the authorities cited, together with a consideration of the argument, does not disclose in any respect where the action of the trial court has in any way denied to the defendant due process of law as guaranteed him by the fourteenth amendment of the United States constitution. The action of the defendant in this case in contending that because he did not state upon oath that he desired counsel the court should not have appointed counsel for him is not well taken. The purpose of the fourteenth amendment and of the section

of the Illinois statute is to protect the rights of defendants charged with crime and not to grant to them hypertechnical reasons for objecting to the fair and impartial conduct of courts. The defendant has not shown where in any respect he was prejudiced by an appointment of counsel and has shown no prejudicial error in the record.

For the reasons stated in this opinion, judgment of the circuit court of Winnebago county is affirmed.

*Judgment affirmed.*