MILTON E. HOPKINS, Appellant, v. GEORGE W. LEE AND HAMILTON COUNTY, IOWA, Appellees.

**Parent and child:** CONTROL OF MINOR'S PROPERTY. A father, by virtue of that relationship alone, has no authority over the real estate of his minor child, which was not acquired from either parent.

**Intoxicating liquors:** MULCT TAX: ASSESSMENT: NOTICE. Where the owner of property assessed for a mulct tax, though a minor, is over the age of fourteen years, notice of the return of the property for taxation by the assessor may be served upon him alone.

**Same:** PROPERTY OF MINOR: LIABILITY. Under the statutes of this state neither infancy nor other disability of the owner of property, wherein the business of selling liquor is carried on, will exempt the property from liability for the mulct tax.

**Same:** ASSESSMENT OF MULCT TAX. Mulct taxes are not levied by the board of supervisors under present statutes, but are returned by the assessor to the auditor, and by him certified to the treasurer, who enters the same for collection.

**Same.** Mulct taxes may be levied for part of a calendar year; but even if this were not so a party cannot complain of a levy for less than the law requires.

**Same:** IRREGULAR TAX: BURDEN OF PROOF. Where a sale of property for mulct taxes appears to be regular the burden of showing irregularity or error is upon the party asserting the same.

**Same:** IRREGULAR MULCT TAX: REMEDY. The statutes create the board of supervisors a tribunal and provide a method for contesting the regularity of mulct taxes, and for a rebate or remission of the same; and unless the tax is wholly void the remedy thus provided is exclusive.

*Appeal from Hamilton District Court.*—HON. CHAS. E. ALBROOK, Judge.

MONDAY, NOVEMBER 17, 1913.

SUIT in equity to set aside a tax sale of plaintiff's property for a ''mulct tax'' levied thereon by reason of the illegal sale of liquors therein by plaintiff's father. The trial court dismissed the petition, and plaintiff appeals. *Affirmed.*

*Wesley Martin,* for appellant.

*G. D. Thompson,* for appellee *George W. Lee.*

*O. J. Henderson,* for appellee *Hamilton County.*

DEEMER, J.—Plaintiff was a minor at the time of the levy on and sale of the property in question, arriving at full age on March 12, 1910. He was the owner of the property, consisting of about one acre of land in the city of Webster City, Iowa, having acquired the title thereto by and from Charles Howell and wife, which deed was duly filed of record on May 14, 1902. After the making of the deed, plaintiff's father lived in and upon the property, and plaintiff went to work upon a farm some seven miles from Webster City. He visited his father, M. C. Hopkins, Sr., while he lived upon the property, two or three times a year after he ceased living with him, aside from occasional visits on Sunday. The father was indicted by the grand jury of Hamilton county four times, at least, for the illegal sale of liquor upon the property in question, once in May, 1906, again in February, 1907, December, 1907, and finally, in October, 1909, and he spent some time in jail because of convictions upon these indictments. Plaintiff knew of at least three of these indictments, and knew that his father had been convicted on some of them. A mulct tax was levied upon the property, some time before the one for which the sale, which is now attacked, was made, and plaintiff brought action to set the same aside, but for some reason the same was never tried. In September of the year 1909, the assessor of Webster City made a return to the county auditor of all those engaged in the sale of liquor in the city, and among others reported Milton Hopkins, Sr., as engaged therein, giving a description of the property in question and reporting plaintiff as the owner thereof, and a mulct tax of $150 was assessed against the property. Notice of the return by the assessor was personally served upon both plaintiff and his father on September 13, 1909, and the tax was certified to the county treasurer on September 30, 1909. As the tax was not paid, the property was sold for taxes by the treasurer on December 6, 1909, defendant Lee being the purchaser thereof for the

amount of the tax, with interest and costs. On April 21, 1911, plaintiff commenced this suit to set aside the tax sale and as grounds thereof alleged:

. . . That at the time said sale he was a minor under the age of twenty-one years, and that he was in no manner concerned in the wrongful act for which said mulct tax was levied, and in no manner consented to the wrongful keeping or sale of intoxicating liquors upon the said premises. That the plaintiff did not attain the age of twenty-one years until the 12th day of March, 1910.

Par. 5. That the father of this plaintiff was in possession of said premises at the time of the alleged wrongful keeping and sale of liquors, and that his occupancy of said premises was without any lease of contract or consent on the part of the plaintiff.

Par. 6. The plaintiff says therefore that said mulct tax was void and illegal and levied without authority, and never became a lien upon the said premises.

Par. 7. That the levy of said mulct tax was without jurisdiction and without due process of law.

Par. 8. That no notice of the intention to make said levy was served on plaintiff as provided by law.

Although plaintiff alleged that he had no notice of the illegal sale of liquor on the premises, that he did not consent to the occupancy thereof by his father, and that he had no notice of the levy, the testimony does not support these allegations. On the contrary, it affirmatively appears that plaintiff consented to the use of the property by his father, and he had notice that illegal sales were being made thereon by his father. Again, it appears that notice of the return by the assessor was given him as required by law.

It is true that plaintiff was a minor during this entire period, and that he had no guardian, save perhaps a natural one—his father—but of course the father, as such, had no legal authority over his son's property, not acquired from either parent.

1. PARENT AND CHILD: control of minor's property.

As plaintiff was over fourteen years of age, when the

assessor reported the property as subject to the mulct tax, the notice was properly served upon him alone. As we understand it, plaintiff's counsel claim that as he, plaintiff, was a minor, the property was not subject to the mulct tax; that plaintiff had no knowledge of the illegal sales of liquor;

2. INTOXICATING LIQUORS: mulct tax: assessment: notice.

that there is no authority for levying a mulct tax for a part of a year; and that no tax was ever levied by the board. As we have already observed, the testimony does not support some of these allegations of fact, and we take it the only questions in the case are: First, May a mulct tax be levied upon the property of a minor, and, if so, may it be levied for but a part of a calendar year? Incident to these two questions is a claim made for appellant that the board of supervisors must levy the tax, and as there is no showing of such a levy, the tax is invalid. To a proper understanding of a discussion of these matters, it is necessary to quote a part of the statutes with reference to what is known as the mulct tax.

Code, Section 2432 reads:

Every person, partnership or corporation, except persons holding permits, carrying on the business of selling or keeping for sale intoxicating liquors, or maintaining a place where intoxicating liquors are sold or kept with intent to sell, shall pay an annual tax, to be called a 'mulct tax,' of six hundred dollars, in quarterly installments as hereinafter provided, which tax shall be a lien upon the real property wherein or whereon the business is carried on, or where the place for selling or keeping for sale is maintained, from the time each installment of tax as hereinafter provided shall become due and payable. In case the person carrying on the business or maintaining the place is a different person from the owner of the real property wherein or whereon the business is carried on or the place maintained, then the tax shall be payable by the person conducting such business or maintaining such place. But such owner may pay such tax at any time after the same becomes due and payable for the purpose of releasing his property therefrom. . . .

Code Supp. Section 2433, reads in part as follows:

In the months of December, March, June and September of each year, and before the twentieth day of each of said months, the assessor of each township, town or city, or assessment district thereof, shall return to the county auditor a list of persons who are, or since the last quarterly return have been, engaged in carrying on within said township, town, city or assessment district the business of selling or keeping for sale intoxicating liquors, or maintaining any place where such liquors are sold or kept for sale, and also a description of the real property wherein or whereon such business is carried on or such place is maintained, with the name of the occupant or tenant and owner or agent. At least five (5) days before the assessor makes the return above contemplated to the county auditor he shall give to the person found in possession of each place which he intends to list, or is required to list, and to the tenant, occupant and owner of such place a notice in writing that he intends to return such list to the county auditor charging the property itself and the owner of the property therein described and the person who owns or conducts the business with the mulct tax. . . . The assessor shall give notice in each case in such one of the ways above provided as the circumstances of the case require, and he shall show in his return to the auditor that he has given notice and the manner of the service. The return signed by the assessor shall in all cases be admissible in evidence without further proof, and such return shall have the same force and effect as the oath of the assessor. The burden of proof shall in all cases be upon the party claiming that notice was not given. . . .

Code, Section 2436, provides that:

On the first day of January, of April, of July and of October of each year there shall be due and payable from each person returned to the county auditor by the assessor, or by three citizens as aforesaid, as a person carrying on the business of selling or keeping for sale intoxicating liquors, or maintaining a place where such liquors are sold or kept for sale, a quarterly installment of the mulct tax herein provided for, and the tax due from any person so returned by the assessors, or by three reputable citizens, shall be a lien upon

the real property wherein or whereon such business is returned as being carried on or such place maintained, whether the person carrying on such business, or maintaining such place, is correctly described or not. If the installments of tax due and payable as aforesaid are not paid within one month after the same become due and payable, then a penalty of twenty per cent shall be added thereto, together with one per cent per month thereafter until paid. Whoever is assessed under the provisions of this chapter shall be liable at least for one quarterly installment of the tax herein provided for, notwithstanding any such person may discontinue the business when so assessed, and notwithstanding the fact that he may have been in the business for a less period than three months; and if he shall continue therein for a longer period than three months, he shall be liable for an additional quarterly installment, subject to abatement on account of discontinuance of the business before the expiration of such second or subsequent quarter.

Code Supp. Section 2437, provides that:

On the last day of December, of March, of June and of September in each year, the county auditor shall certify to the county treasurer a complete list of the names of persons returned to him by the assessors, or entered on the sworn statements made to him by citizens as aforesaid, together with a description in each case of the real property wherein or whereon the business is carried on or the place maintained, and the name of the occupant or tenant, and the owner or agent of such property, and the county auditor shall keep in his office in books to be provided for that purpose an account to be known as the 'Mulct Tax Account' in which memoranda of all moneys which may come into his hands and those of the county treasurer, from the mulct tax, shall be entered; and the county treasurer shall keep a like account and record of all mulct tax coming into his hands. Settlement of such accounts shall be made with the board of supervisors at the January and June sessions of the board, which settlement shall be published with the proceedings of the board.

Section 2438 of the Supplement reads:

The county treasurer shall thereupon enter upon a book known as the 'Mulct Tax Book' a quarterly installment of the mulct tax, as due and payable by the person carrying on such business or keeping such place, and as a lien and charge upon and against the real property wherein or whereon such business is carried on or such place maintained, all payments of mulct tax shall be made to the county treasurer upon a certificate from the county auditor showing the amount due.

And Section 2439 of the Supplement provides that:

After the expiration of one month from the date when such tax become due and payable, if not paid, it shall be delinquent and collectible by the treasurer in the same method as that in which other delinquent taxes are collectible, and all the provisions as to the collection of other delinquent taxes shall apply. Tax sales for such delinquent taxes shall also be made on the first Monday in June of each year, in the same manner and to the same effect as on the first Monday in December, and all the provisions of law as to tax sales in December shall apply to such sales in June. . . . The provisions of sections fourteen hundred and thirty-six (1436), fourteen hundred and thirty-seven (1437), and fourteen hundred and thirty-eight (1438), of the Code shall apply to the redemption; but the supervisors may allow redemption for any amount deemed advantageous to the county; and in default thereof after notice to redeem as provided by section fourteen hundred and forty-one (1441) of the Code, the treasurer shall execute a deed to the county, without fee, and such deed shall have, so far as applicable, all the effect as provided by section fourteen hundred and forty-four (1444) of the Code as to vesting in the county all the right, title, interest and estate of the former owner in and to the land conveyed. On redemption or on final sale of the property the proceeds shall be applied as provided by section twenty-four hundred and forty-five (2445) of the Code. . . .

Section 2441 of the Code provides that:

At the meeting of the board of supervisors next following the listing as aforesaid, application may be made to remit the tax, by petition duly verified and filed with the county

auditor at least eight days before the time set for the consideration of the case, and notice for the same length of time must be served on the county attorney in writing. The averments of the petition shall be deemed denied, and witnesses may be examined, and the chairman of the board, or in his absence or inability to act, any member of the same may administer an oath in the same form and of the same effect as to penalties for testifying falsely as if administered in court.

Section 2442 reads:

On the application to remit the tax, the owner of the property may be heard in support of the same, and evidence of the general reputation of the place shall be admissible, and if upon the hearing of the case it shall be shown that the petitioner, his agent or tenant has paid a retail liquor dealer's internal revenue tax to the United States, covering any portion of the time and premises as set forth in the listing of said real estate, it shall be *prima facie* evidence that the person and property are subject to the tax. If upon said hearing it be found by a majority vote of the board of supervisors that the tax is proper, it shall stand, otherwise it shall be remitted, and the board shall enter its order on its record.  .  .  .

Section 2443 of the Code is in part as follows:

.  .  .  If any sale of real property has been made for a tax which is afterwards remitted, the title of the purchaser shall become void and the amount paid by such purchaser shall be refunded by the county. If any application for the remission of the tax is refused by the board of supervisors, and no appeal therefrom is taken, or if on appeal to the district court the tax is confirmed, the costs of the whole proceedings shall be certified by the auditor to the treasurer, and by him added to the tax, and collected as the remainder of such tax.

And Section 2444 provides in part:

.  .  .  Should it appear, either on the trial before the board of supervisors or in the district court, that there have been sales of intoxicating liquors made in or upon the prem-

ises listed for taxation, the tax shall be confirmed against the person, corporation or partnership conducting the business, and if it appears that the wrong name or an alias has been used, then the record and assessment list may be amended and the true name inserted; and if it shall appear at such trial that the owner or his agent knew, or by the use of reasonable care or diligence might have known, of the sales of intoxicating liquors as aforesaid, the tax shall be confirmed against the property by an order of record, and the clerk of the district court shall certify such fact to the county auditor, with the amount of costs made in the trial of the case.

These quotations from the statutes seem to be sufficient in themselves to answer appellant's contentions.

The tax is to be assessed against the property, no matter if the owner be a minor. In other words, neither minors, insane persons, nor any other persons laboring under a disability are exempt from the levy of a mulct tax upon their property.

3. SAME: property of minor: liability.

The tax is not levied by the board of supervisors, but is returned by the assessor to the county auditor, and by the auditor certified to the county treasurer, and the treasurer, upon such certificate, enters the same as provided by the statute.

4. SAME: assessment of mulct tax.

It may be levied for part of a calendar year; but, even were this not true, if entered at a proper time, plaintiff cannot complain if entered for a less amount than the law requires. Notice is required, but such notice was given; at any rate, plaintiff did not prove absence of notice, as the statute seems to require. It is true that under prior statutes an assessment levy by the board of supervisors was necessary (*Smithberg v. Archer*, 108 Iowa, 215); but this is not the rule under present statutes.

5. SAME.

The sale appears to have been regular in all respects, and the statute casts the burden of showing error or irregularity in the levy or sale upon the plaintiff, and he has not met this burden.

6. SAME: irregular tax: burden of proof.

Moreover, the statutes create a tribunal, and provide the

method for contesting or for a rebate or remission thereof, and unless the tax was wholly void, plaintiff was required to pursue his remedy under the statutes. *Gibson v. Cooley,* 129 Iowa, 529; *Newton v. McKay,* 130 Iowa, 596.

7. Same: irregular mulct tax: remedy.

It will be noticed that this is not an action to redeem; but one to set aside and cancel the tax and the certificate of purchase at the sale, so that we have no occasion to consider plaintiff's rights to redeem and the effect of his minority upon such right. Although plaintiff had notice of the levy, it has been held under prior statutes that no notice need be given. *Hodge v. Muscatine Co.,* 121 Iowa, 482.

There seems to be no tenable reason for disturbing the tax or the sale. Plaintiff's counsel make much of the fact that plaintiff is a minor whose rights should always be paramount, but this is a question for the Legislature and not for us. In the instant case plaintiff's minority is not of much consequence. He was at least nineteen years of age when the tax was levied; he was doing for himself, by working upon a farm; he permitted his father to occupy his property without paying any rent therefor, so far as shown, and made no objections to his sales of liquor thereon. That he must have known of such sales and consented thereto is apparent from the record. Were we to hold that the Legislature, without so saying, intended to exempt the property of minors or other persons laboring under any form of disability from the mulct tax, an easy way of avoiding the tax would be pointed out, and it is not too much to say that most of the property in the state whereon sales of liquor are being made would be found to be in the name of minors, or perhaps insane persons.

Of course, plaintiff may redeem his property from the sale, unless the time for such redemption has expired, and upon that question we venture no opinion at this time.

The result of the whole matter is that the decree is, in our opinion, correct, and it is *Affirmed.*

WEAVER, C. J., and GAYNOR and WITHROW, JJ., concurring.