LEO K. STUPPEL, Respondent, *v.* ANNIE RABINOWITZ, Appellant.

First Department, March 4, 1921.

**Parent and child — contract by mother to pay, from money to be received for injuries to child, value of services in securing settlement — contract not enforcible where mother not guardian.**

A contract by a mother, who was not her child's general guardian, to pay, from moneys to be received from a third person for injuries inflicted on her child, a stated compensation for services in procuring a settlement, is not enforcible.

· APPEAL by the defendant, Annie Rabinowitz, from an order and determination of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on or about the 24th day of June, 1920, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of the plaintiff.

*Samuel Dickstein,* for the appellant.

*Nathan April,* for the respondent.

LAUGHLIN, J.:

The pleadings were oral. Plaintiff complained for work, labor and services performed at the request of the defendant in procuring the settlement of an accident claim; and the answer was a general denial. The uncontroverted evidence shows that in the month of August, 1919, defendant's son, who was twenty years of age, sustained personal injuries from a collision between his automobile, in which he was riding, and another automobile owned by one Simon, and that the defendant and her son claimed that the accident was caused by the negligence of Simon; that the claim was placed in the hands of Mr. Baker, an attorney at Hurleyville, N. Y., who communicated with Simon, by letter, concerning the accident and prepared an application for the appointment of a guardian for the infant; that in the month of November or December the claim was taken out of his hands either with a view to having the plaintiff endeavor to make an adjustment of it as he claims or to having it placed in the hands of Mr. Goldstein, a New York attorney, as claimed by the defendant; that a tentative settlement for $1,025 was negotiated by the plaintiff and the infant with the Ocean Accident Insurance Company, which had issued an accident policy to Simon, but the representatives of the insurance company on ascertaining that the claimant was an infant, required that guardianship papers be made out, and thereupon defendant employed an attorney and was appointed general guardian and received from the insurance company $1,025 as such guardian in settlement of the infant's claims for damages to his automobile and for personal injuries.

The plaintiff was a paint salesman and the infant was in

his employ. He testified that some three or four months after the claim had been placed in the hands of attorney Baker, the infant informed him about it and shortly thereafter he stated to the defendant that he had had a similar case with an insurance company and advised that the matter be taken up directly with the insurance company; that the defendant replied that she intended to take the case out of the hands of the attorney and would then take it up with the insurance company; that he offered to go to the insurance company for her and try and get a settlement and asked what she would be satisfied with, to which she replied that if she got $700 she would pay all that she received over that amount to him; that a few days later, at defendant's request, he was present at an interview between her and attorney Baker in the city of New York and she requested him in Jewish to ask Mr. Baker to return the papers, and he did, and that Mr. Baker said that nothing had been done and he was satisfied to return the papers, and at the instance of the defendant Mr. Baker was requested to return the papers to the plaintiff; that later on he and the infant called on Mr. Baker at Hurleyville and obtained the papers and took them to the defendant, who told him to retain them and see what he could do with respect to obtaining a settlement of the claim, whereupon he asked her what there would be in it for him and she said she would pay him all that he received in settlement over $700; that he and the infant interviewed Simon, obtained certain pictures of the accident, which occurred in Hohokus, N. J., had numerous interviews with Mr. Brown, the head claim agent of the insurance company, and with Mr. Denny, one of its adjusters, and obtained offers of settlement from them, which were reported to the defendant; that after receiving one of $600 which defendant agreed to take and from which he would get nothing, he and the infant had further negotiations with Denny and Brown and finally obtained an offer of $1,025 and reported it to the defendant and made an appointment with her to go to an attorney to obtain guardianship papers; that she failed to keep the appointment and thereafter charged him with attempting to swindle her; that he subsequently ascertained that she had been appointed guardian of the infant and that the claim had been adjusted and the payment made to her as guardian.

The plaintiff's wife and brother testified to admissions made by the defendant that she had agreed to pay plaintiff for his services all he received in settlement over $700. The testimony of the defendant and of the infant was to the effect that there was no agreement for the payment of compensation to the plaintiff and that as a friend and employer of the infant he volunteered to accompany the infant and assist in negotiating the settlement; and the infant testified that the settlement was negotiated by him personally, thus accompanied by the plaintiff.

It is unnecessary to consider the point as to whether the services claimed to have been performed by the plaintiff constituted practicing law for which he was not licensed, for the contract, if made as claimed by the plaintiff, was to pay him part of the money belonging to the infant, and the defendant as the mother of the infant, without having been appointed his general guardian, could make no contract to dispose of his property. It may be that the defendant could have obligated herself personally by an original promise to pay plaintiff for such services rendered in behalf of the infant but she did not undertake so to do. The plaintiff made out a *prima facie* case of *employment* by the defendant, but he presented no evidence with respect to the value of his services; and the only promise he claims defendant made to pay for his services was out of the amount received for the benefit of the infant in settlement of the claim, but since, when the agreement, if any, was made, she had no authority to contract for the infant, such an agreement would be unenforcible.

It follows that the determination of the Appellate Term should be reversed, with costs, and the judgment of the Municipal Court reversed and the complaint dismissed, with costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Determination and judgment reversed, with costs in this court and in the Appellate Term, and complaint dismissed, with costs.