A. B. SHRIVER, Appellee, v. POLK COUNTY et al., Appellants.

INTOXICATING LIQUORS: Mulct Tax—Void Tax. A mulct tax cer-
tified and levied some two years after a violation of the intoxicating
liquor statutes, and after the repeal of the statutes authorizing the levy
of such tax, and after the property affected had passed into the hands
of an innocent party, is void as to such latter party. (This on the
assumption that the repeal of a statute does not affect any right which
has accrued, any duty imposed, or any penalty incurred. Sec. 63,
Par. 1, Code of 1924.)

Headnote 1:  33 C. J. p. 569 (Anno.)

*Appeal from Polk District Court.*—LESTER L. THOMPSON, Judge.

MARCH 22, 1927.

Action to remove a lien under a mulct tax proceeding
against the property of the plaintiff, and to enjoin the collection
of the same. The court granted the relief prayed, and the de-
fendants appeal.—*Affirmed.*

*Vernon R. Seeburger*, County Attorney, and *Russell Jordan*,
Assistant County Attorney, for appellants.

No appearance for appellee.

FAVILLE, J.—It is regrettable that we are not furnished with
an argument by the appellee. This entails additional work upon
this court, which is quite inexcusable.

It appears from the record that, on December 13, 1923, one
Roderick was the owner of the real estate in controversy, and on
said date he pleaded guilty in the district court of Polk County,
Iowa, to the charge of maintaining a liquor nuisance. On July
6, 1925, the said Roderick and his wife conveyed said premises
by quitclaim deed to one W. R. Shriver, and on the 16th day of
July, 1925, the said W. R. Shriver conveyed said premises by
warranty deed to the appellee. On the 7th day of April, 1925,
the assessor of the district in which said real estate is located,
served a written notice upon said Roderick of the intention of
said assessor to return said described real estate for assessment

for a mulct tax for selling liquor upon said premises "during the quarter ending year 1923." Thereafter, the assessor made his return to the auditor of Polk County, Iowa, on the 19th day of June, 1925; and on the 7th day of July, 1925, the auditor of Polk County returned a mulct tax assessment upon said property to the treasurer of Polk County. It is to remove the alleged lien under said proceeding and to enjoin its collection against said property that this appeal is brought.

The Code of 1924 went into effect October 28th of that year. Appellants concede that, under the provisions of said Code of 1924, the power to levy a mulct tax now rests solely with the court, but insist that any right that had accrued or any penalty that had been incurred under the previous law was not affected by the enactment of the Code of 1924. Said Code of 1924, Section 63, Paragraph 1, provides as follows:

"The repeal of a statute does not revive a statute previously repealed, nor affect any right which has accrued, any duty imposed, any penalty incurred, or any proceeding commenced, under or by virtue of the statute repealed."

Conceding the construction contended for by appellants, we then at once meet the question as to whether or not the tax in question was legally levied under the prior existing statutes. Said statutes are to be found in Section 2432 *et seq.* of the Code of 1897, as amended by Section 2433 *et seq.* of Code Supplement, 1913, and Section 2435 of Code Supplemental Supplement, 1915. If it be granted, for the sake of the argument, that any right that had accrued to the assessment of a mulct tax under the former statute, or to the enforcement of the same, was not affected by the enactment of the Code of 1924, the question still remains as to whether or not the mulct tax in question was properly assessed under the previous statute. Appellants contend that, under Section 2442 of the Code of 1897, the board of supervisors is the sole tribunal to which application could be made to *remit* a mulct tax. Such was our holding in *Hopkins v. Lee,* 162 Iowa 165. But in said case it was expressly recognized that the application to the board of supervisors for a rebate or remission of the tax was the remedy pointed out by statute *"unless the tax was wholly void."* If the tax was wholly void, a court of equity undoubtedly had power to enjoin its collection and to remove the apparent cloud upon the title of the property

owner that existed by virtue of the lien. Otherwise, the property owner's remedy was solely by application to the board of supervisors.

The mulct tax statute, Section 2433, Code Supplement, 1913, provided for a return by the assessor "in the months of December, March, June, and September of each year, and before the 20th day of each of said months," of a list of persons "who are, or since the last quarterly return have been, engaged in carrying on" within the taxing district the business of selling intoxicating liquors or keeping the same for sale, contrary to law. Section 2437, Code Supplement, 1913, also provided that, on the last day of December, March, June, and September of each year, "the county auditor shall certify to the county treasurer a complete list of the names of persons returned to him by the assessors," subject to such tax. Section 2438, Code Supplement, 1913, provides that the county treasurer shall enter upon a book known as the "mulct tax book" a quarterly installment of the mulct tax, as a lien and charge upon and against the real estate wherein or whereon such business is carried on, or such place maintained. There seems to be no provision in these statutes for the assessment of the mulct tax in any other way than by the quarterly returns of the assessor and the subsequent proceedings thereunder. It appears that the violation of the law upon which the tax was predicated, occurred prior to May 15, 1923, and that the owner was adjudged guilty of maintaining a nuisance on December 13, 1923. There is no claim that any nuisance was maintained upon said premises after said last mentioned date. There was no attempt by the assessor to return said property for a mulct tax assessment until the 19th day of June, 1925, and the auditor did not return the assessment to the county treasurer until the 7th day of July, 1925. The appellee testified that he purchased the property July 3, 1925, and that he dealt with the former owner, Roderick. The title appears to have passed through one W. R. Shriver to the appellee on the 16th day of July, 1925. The trial court found that the appellee was "an innocent purchaser for value of said premises prior to the certification of said tax to the defendant treasurer of Polk County, Iowa, and that said tax was irregularly imposed." This finding has support in the evidence, and we are not disposed to disturb it.

Upon this record in its entirety, we are disposed to hold, and do hold, that the purported assessment of the mulct tax was void, as against the rights of the appellee in and to said real estate, and that the court did not err in canceling said mulct tax as a lien upon said property and enjoining its collection by the officers of said county. No question is involved in this appeal between the appellants and the original owner of said premises, Roderick.

The decree appealed from is—*Affirmed.*

EVANS, C. J., and STEVENS and VERMILION, JJ., concur.