200 P.2d 1005

### ROSGEN v. ROSGEN.

#### No. 7452.

Supreme Court of Idaho.

Dec. 13, 1948.

Robert W. Peterson, of Moscow, for appellant.

J. H. Felton and William J. Jones, both of Lewiston, for respondent.

GIVENS, Chief Justice.

Respondent secured a divorce from appellant April 25, 1945, the decree therein approving: a property settlement between the parties, thereby directing payment of $500 from appellant to respondent, and $50 a month thereafter for her support and maintenance until remarriage, and $100 per month for the support and maintenance of two minor children, whose custody was given to respondent, and a quit claim deed by appellant conveying to respondent as her sole and separate estate, Lot 9 in Block 1 of Sunnyside Addition to the Town of Moscow, Latah County, Idaho, their home p'ace.

Thereafter, on October 28, 1947, by affidavit and motion, respondent (since remarried) sought a show-cause order, to require appellant to pay the $500 above mentioned, asserting it had not been paid; to restrain him from annoying and harassing her and from entering the above premises; to pay $300 per month instead of $150; and to set aside a deed by her to him on the home place giving him as trustee a one-third interest therein for each child, on the ground the deed was obtained by fraud, coercion, threats and misrepresentation.

The decree February 2, 1948, ordered: payment of $500, increase in the monthly allowance to $200 per month, that appellant desist from annoying and harassing respondent, and that the deed be set aside.

The present appeal is from this latter decree.

While appellant, at the hearing nisi prius and on appeal, urged that some payments had been made on the $500, no showing was made as to amounts, etc., nor was further time asked for an opportunity to present the same. The $500 not having been paid as ordered in the previous decree, justified the order for its payment instanter. The showing was sufficient to justify the increase of the monthly allowance for respondent and the two children from $150 to $200; likewise, the order that appellant desist from annoying and harassing respondent.

The quit claim deed given by appellant to respondent and as approved in the first decree, constituted this property her sole and separate estate—the agreement expressly providing that: "Third: That each of said parties shall have an immediate right to dispose of or bequeath by will his or her respective interests in and to any and all property belonging to him or her from and after the date hereof, and that said right shall extend to all of the aforesaid future acquisitions of property as well as to all property, set over to either of the parties hereto under this agreement."

And the Findings and Conclusions this:

"II. That the Property Settlement and Agreement of Custody and Support entered into by the parties hereto should be ratified and approved, except as to Paragraph 12 thereof." (Paragraph 12 had to do with attorney's fees, costs, etc.)

"VI. That pursuant to the terms of said Property Settlement Agreement referred to herein, the Defendant has conveyed, by good and sufficient quit claim deed, all his right, title and interest in and to the following real property located in Latah County, State of Idaho, to-wit:

"Lot Nine (9) in Block One (1) of Sunnyside Addition to the Town of Moscow, according to the recorded plat thereof, to the Plaintiff and the Plaintiff is entitled to a Decree confirming said conveyance."

By such responsive decree, the disposition of this property was thereby final and complete and an application to have the subsequent deed set aside would necessarily have to be by an independent suit; i.e., not by motion for modification of the original decree. That decree was final as to this deed. Mathers v. Mathers, 42 Idaho 821, 248 P. 468. Not so, of course, as to maintenance and support of respondent and minor children or their custody. Sec. 31-705, I.C.A. If the latter deed be effective, a trust interest was, ostensibly at least, created in favor of the minor children. Since the deed could not be set aside without affecting this interest, the minors must be made parties to such proceedings by a properly appointed guardian. The mother, though granted the custody of the children, was not thereby the guardian of their property interest under this trust.

deed. Trolinger v. Cluff, 56 Idaho 570, 57 P.2d 332; Kendall v. Miller et al., 9 Cal. 591; Suddeth v. Knight, Ala.Sup., 14 So. 475; Stuppel v. Rabinowitz, 195 App.Div. 498, 186 N.Y.S. 829; Vineyard v. Heard, Tex.Civ.App., 167 S.W. 22; Kreigh v. Cogswell, 45 Wyo. 531, 21 P.2d 831; Note 89 Am.St.Rep. 265; 6 A.L.R. 115; 46 C.J. 1315, Par. 138.

We have not overlooked this statement in Hopkins v. Lee, 162 Iowa 165, 143 N.W. 1002, at page 1003: "It is true that plaintiff was a minor during this entire period, and that he had no guardian, save perhaps a natural one—his father—but of course the father, as such, had no legal authority over his son's property, *not acquired from either parent.*" (Emphasis added.)

Perforce we cannot herein and do not in any way consider or determine whether the deed, if appropriately attacked, should be set aside.

The decree, therefore, as to setting aside the trust deed is reversed and held for naught, otherwise, affirmed. Costs awarded to respondent.

Attorney's fees and costs were heretofore awarded in connection with this appeal, with implied reservation to further adjust the matter on this appeal. One hundred dollars additional attorney's fees are awarded respondent from appellant.

HOLDEN, J., and FEATHERSTONE, TAYLOR, and SUTPHEN, District Judges, concur.