(February 27, 1913.)

## In Re Application of DAISEY DAVIS for a Writ of Habeas Corpus.

[130 Pac. 786.]

POWER OF COURT ON HABEAS CORPUS—COMPLAINT ON INFORMATION AND BELIEF—PROCESS REGULAR ON ITS FACE.

1. Sec. 8353 of the Revised Codes of this state, in prescribing the duties of a court or judge upon a hearing on return to a writ of *habeas corpus*, provides, among other things, as follows: "The court or judge, if the time during which such party may be legally detained in custody has not expired, must remand such party, if it appears that he is detained in custody, . . . . by virtue of the final judgment or decree of any competent court of criminal jurisdiction, or of any process issued upon such judgment or decree."

2. Where a return to a writ of *habeas corpus* shows that the petitioner is detained by the chief of police of Boise City in the city jail thereof, under and by virtue of a commitment issued by the police magistrate of Boise City, which commitment is in due form, regular on its face, and recites that the prisoner has been convicted of the violation of a city ordinance and sentenced to

imprisonment, *held*, that under the provisions of sec. 8353 of the Rev. Codes, it is the duty of the court to remand the prisoner, and that the court has no authority to go back of the commitment or process on which the prisoner is held and examine the sufficiency of a complaint upon which the prisoner was tried, or the validity and regularity of a warrant that was issued thereon and upon which the prisoner was arrested in the first instance.

3. *Habeas corpus* cannot be resorted to or employed as an appellate remedy, or for the purpose of reviewing or correcting errors.

4. Errors committed in the ruling upon the sufficiency of a criminal complaint or upon the legality or regularity of a warrant of arrest and errors committed upon the trial in a criminal case must be reviewed and corrected on appeal, and cannot be availed of by the defendant on *habeas corpus*.

Original application for a writ of *habeas corpus*. Writ issued and hearing had upon return thereto. Writ quashed and prisoner remanded.

Charles Clifton, for Petitioner.

Whether or not the court exceeded its jurisdiction in imposing sentence has been often inquired into on *habeas corpus* proceedings in court, notwithstanding the prisoner had the right to appeal. (*Ex parte Cox,* 3 Ida. 536, 95 Am. St. 29, 32 Pac. 197; *Re Lucas,* 17 Ida. 164, 104 Pac. 657; *Re Walton,* 17 Ida. 171, 104 Pac. 659; *Re Chase,* 18 Ida. 561, 110 Pac. 1036; *In re Corryell,* 22 Cal. 179.) Courts of justices of the peace have uniformly been treated in California as "inferior courts, in favor of whose jurisdiction nothing could be assumed." (*Ex parte Kearney,* 55 Cal. 212.)

A prisoner always has a right on *habeas corpus,* even by proof *aliunde,* to show that the court or magistrate, acting as a court, who tried and sentenced him, has no jurisdiction. (Church on Habeas Corpus, secs. 240, 345.)

J. H. Peterson, Attorney General, and J. J. Guheen and T. C. Coffin, Assistants, for Respondent.

Under sec. 8353, Rev. Codes, the questions raised by petitioner should not be considered upon an application for writ

of *habeas corpus*. They are all matters that should have been taken up on appeal to the district court or on appeal from the district court to this court. (*In re Peraltareavis*, 8 N. M. 27, 41 Pac. 538; *In re Knudtson*, 10 Ida. 676, 79 Pac. 641; *People v. Wilson*, 88 Hun, 258, 34 N. Y. Supp. 734.)

It is not necessary that there be a valid warrant in order that the court might have jurisdiction, or that a valid judgment be given. If the petitioner was before the court at the trial, no matter how she got there, the court has jurisdiction of her person, and would have jurisdiction if no warrant had been issued at all. (*Ex parte Clark*, 85 Cal. 203, 24 Pac. 726.)

AILSHIE, C. J.—Petitioner seeks her discharge from imprisonment through means of a writ of *habeas corpus*, and alleges that she is detained and restrained of her liberty wrongfully and unlawfully.

It appears from the application of petitioner that on the second day of January, 1913, W. N. Reeves, chief of police of Boise City, filed a criminal complaint against the petitioner charging her "on information and belief" with the crime of vagrancy, and alleging that she had violated the ordinances of Boise City in relation thereto. She was taken before the police magistrate and was convicted of the violation of a city ordinance, and was sentenced to thirty days' imprisonment in the city jail and to pay a fine of $100 and costs taxed at $19, and was thereupon committed to jail.

The chief question urged here for the release of the petitioner is that the original complaint filed in the police court was based on "information and belief" and not upon any knowledge of the complainant himself, and it is alleged that a warrant issued on such a complaint deprives the person arrested of his liberty, in violation of the fourth amendment to the constitution of the United States, and also in violation of sec. 17 of the Bill of Rights of the Idaho constitution.

This is an application for discharge on *habeas corpus*, and in such a case the court is admonished by sec. 8353 of the Rev. Codes that on the return to a writ after the court has inquired into the cause of detention it must remand the pris-

oner "if it appears that he is detained in custody . . . . by virtue of the final judgment or decree of any competent court of criminal jurisdiction, or of any process issued upon such judgment or decree." The application itself shows that the prisoner is not now held upon the original warrant of arrest issued out of the police court. The return made by the chief of police to whom the writ was directed shows that he is detaining the petitioner by virtue of a certain commitment issued January 28, 1913, and signed by R. H. Dunlap, police judge of Boise City, commanding him, as keeper of the city prison of Boise City, to receive the said Daisey Davis into his custody and to detain her until the sentence and judgment of the court is satisfied, which sentence consisted of a fine of $100, together with $19 costs and imprisonment of thirty days in the city jail, or in case of failure to pay fine, a total imprisonment not exceeding sixty days.

The commitment attached to the writ herein comes from a court of competent criminal jurisdiction in such cases, namely, the police court of Boise City. That court is a court of criminal jurisdiction in cases charging a violation of the ordinances of Boise City. It shows upon its face that a conviction was had in that court for a violation of the ordinance defining the crime of vagrancy. The question arises as to whether the court has a right on *habeas corpus* to go back of the commitment and inquire into the regularity of the previous proceedings which might have been reviewed upon appeal. The statute, sec. 8353, above quoted, would seem to be conclusive on that question, and to forbid the court going back of the judgment or process issued upon such judgment.

*In Re Knudtson,* 10 Ida. 676, 79 Pac. 641, this court had occasion to consider the provisions of the foregoing section of the statute and said:

"Section 8353, Revised Statutes, prescribes the duty of the court or judge upon such a hearing as follows: 'The court or judge, if the time during which such party may be legally detained in custody has not expired, must remand such party, if it appears that he is detained in custody: . . . . 2. By virtue of the final judgment or decree of any competent court

of criminal jurisdiction, or of any process issued upon such judgment or decree.' It appears to us that under the foregoing statutory provisions, we are without authority to examine the evidence taken upon the preliminary examination for the purpose of determining whether or not it discloses any offense as having been committed by the petitioner. There is no question in this case but that the district court is a court of competent jurisdiction for the trial of the offense charged, nor is there any question as to the venue; consequently there is no occasion for examining the record for the purpose of ascertaining those facts.''

In the Knudtson case, the court quoted with approval from 15 Am. & Eng. Ency. of Law, 2d ed., p. 201, wherein the author says: that in such cases ''the inquiry is limited to the question whether the court in which the prisoner is convicted had jurisdiction in the premises, and the validity of the sentence or process on its face.''

Sec. 2032 of the code of New York appears to be substantially the same as sec. 8353 of our code. In *People v. Wilson,* 88 Hun, 258, 34 N. Y. Supp. 734, the supreme court of that state in passing upon this same question, said:

''We are inclined to the opinion that it was the duty of the county judge, by virtue of section 2032 of the code, to make an order to remand the prisoner, as it appeared that he was detained in custody 'by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction,' and that it is not necessary upon this appeal to consider the questions urged by the learned counsel for the respondent as to the nature and character of the complaint filed in the justice's court.''

In *Ex parte Clark,* 85 Cal. 203, 24 Pac. 726, the supreme court of California was considering a kindred question and said:

''The sheriff makes return of the judgment of the superior court of San Francisco, above mentioned, and that he holds the petitioner by virtue of a commitment thereunder. This, it seems to us, is a complete answer to the writ. No matter whether the superior court of San Francisco had the right to

order the prisoner out of the custody of the warden of the state prison or not, he was produced. An information charging him with an offense within the jurisdiction of that court was filed, and the court thereby became and was vested with the power and jurisdiction to try him, and its judgment is valid and binding.''

The petitioner has placed great reliance on *State v. Gleason,* 32 Kan. 245, 4 Pac. 363. In that case the supreme court of Kansas, speaking through Mr. Chief Justice Horton, on appeal from a judgment of conviction, held that the trial court erred in not sustaining a motion to quash and set aside the warrant of arrest on the ground that the information filed in the case and upon which the warrant had been issued was not made upon the knowledge of the county attorney or informant but merely upon his ''information and belief.'' The court there held that a warrant issued upon such a complaint and an arrest made under such a warrant was a violation of the fourth amendment to the constitution of the United States, and of sec. 15 of the Bill of Rights of the state of Kansas. The question there presented, however, was raised in the lower court and presented on appeal as an error committed in course of the trial.

The same question was raised in a different manner in *State v. Blackman,* 32 Kan. 615, 5 Pac. 173, and the court distinguished the latter case from the Gleason case, and held that there was no constitutional objection to trying a defendant on a complaint made on information and belief. Mr. Chief Justice Horton, who had written the opinion in the Gleason case, points out in a concurring opinion the distinction to be drawn between the two cases, and also calls attention to the fact that in the Blackman case the question was not raised in the lower court.

However sound the position taken by the petitioner may be as a proposition of law, we are satisfied it cannot be maintained on *habeas corpus.* Those errors should have been presented to the proper court in the regular course of procedure on appeal; that is the method prescribed for correction of

errors. *Habeas corpus* cannot be employed as an appellate remedy; it is an extraordinary remedy only.

The prisoner should be remanded to the custody of the chief of police of Boise City, and it is so ordered.

Sullivan and Stewart, JJ., concur.