[Civ. No. 4183. First Appellate District, Division Two.—February 8, 1922.]

## In the Matter of the Application of AAGE RASMUSSEN for a Writ of Review.

[1] DIVORCE—FAILURE TO PAY ALIMONY—CONTEMPT OF COURT.—Where the trial court in a divorce action awards the wife a divorce and a certain sum of money of the community property of the parties, which is in the possession of the husband, and a copy of the order is served upon the husband and demand is made for compliance therewith, his failure to obey the lawful judgment of the court constitutes a contempt of court.

[2] ID.—CONTEMPT PROCEEDING—EVIDENCE—PRIMA FACIE CASE.—On the hearing of a contempt proceeding growing out of the husband's failure to pay alimony, it is not necessary for the wife to prove anything more than the making of the order and disobedience of it by her husband in refusing to pay the amounts which the court found he had the ability to pay when it made the order. She makes a *prima facie* case at the hearing by producing the original order and by proof of the refusal of her husband to make payments according to its terms.

[3] ID.—ABILITY OF HUSBAND TO PAY—BURDEN OF PROOF—EVIDENCE—FINDING.—In a contempt proceeding growing out of the husband's refusal to pay the sum of money which the court, in a divorce proceeding, had directed that he pay to the wife out of the com-

munity property in his possession, the burden is upon the husband to prove his inability to pay the sum directed by the court, and if he fails to produce satisfactory evidence upon such issue, a finding that he has the ability to perform is proper.

PROCEEDING on Certiorari to review an order of the Superior Court of the City and County of San Francisco, and Thomas F. Graham, Judge thereof, adjudging petitioner guilty of contempt. Affirmed.

The facts are stated in the opinion of the court.

James F. Brennan for Petitioner.

LANGDON, P. J.—This matter comes before us on a writ of review. The petition filed herein, which it is stipulated shall be considered as a return to the writ, shows that in a divorce proceeding, duly and regularly pending before the superior court of this city and county, a decree of divorce was fully entered on December 7, 1921, granting to Nellie Rasmussen a decree of divorce from petitioner and awarding to said Nellie Rasmussen five thousand dollars of the community property of the parties. Said decree also recites the fact that community property of the parties, out of which the five thousand dollars was to be paid, was in the possession and under the control of the defendant, Aage Rasmussen.

Later, on December 15, 1921, Nellie Rasmussen duly and regularly filed in said court an affidavit for an order citing the said Aage Rasmussen to show cause why he should not be punished for contempt because of his refusal to obey the said order and decree of said court. Said affidavit recites the order and judgment previously made in the divorce action and the provision therein contained for the payment to Nellie Rasmussen of five thousand dollars; that said property was in the possession of the said Aage Rasmussen; that a copy of the judgment and order in the divorce action had been served upon said defendant therein and demand made for the payment of the five thousand dollars, which was then in the possession of said defendant; that said defendant had refused, and still refuses, to deliver said money to affiant, although said money is in his possession and he has the ability to comply with said order.

56 Cal. App.—24

Upon this affidavit, which is not attacked by the petitioner herein as being insufficient, the order to show cause was duly and regularly made. The said Aage Rasmussen appeared at the hearing; witnesses were examined; a certified copy of the decree in the divorce action was offered in evidence. The court rendered its judgment, reciting therein the making of the order in the divorce action; the service of a copy of the same on Aage Rasmussen; demand by Nellie Rasmussen for compliance therewith; the refusal of the said Aage Rasmussen to comply with said demand; the fact that said Aage Rasmussen has in his possession sufficient cash money of the community property of the parties to deliver and pay said sum to said Nellie Rasmussen. The said Rasmussen was then found guilty of contempt as set forth in the affidavit, and he was ordered imprisoned in the county jail until such time as he obeyed the order of the court.

Rasmussen was confined to jail under such order of commitment, until December 24, 1921, at which time a writ of *habeas corpus* was issued out of division one of this court, and said Rasmussen admitted to bail in the sum of one hundred dollars, pending the hearing thereon. Said proceeding upon *habeas corpus* is still pending and said Rasmussen is at liberty upon bail. On December 29, 1921, his attorney applied to the superior court for an order purging Rasmussen of the contempt of court and revoking and annulling the prior order of said court adjudging him guilty of contempt. Upon this hearing the court took some evidence and then continued the hearing for one week to await the determination of the appellate court after the hearing upon the writ of *habeas corpus*. With this latter proceeding in the superior court, we are, of course, not concerned here, as no judgment or order was entered therein.

From the foregoing recital of facts it appears that the superior court had jurisdiction to hear and determine the contempt proceedings, and that its order and judgment in that matter was, in all respects, within its powers. [1] Rasmussen's failure to obey the lawful judgment of the court was a contempt of court. (Subd. 5, sec. 1209, Code Civ. Proc.) The affidavit and statement filed in the contempt proceedings complied in all respects with the requirements of section 1211 of the Code of Civil Procedure.

All proceedings were regular and the showing made by Nellie Rasmussen established a *prima facie* case. (*In re McCarty,* 154 Cal. 534 [98 Pac. 540].) The judgment rendered was in accordance with the provisions of section 1219 of the Code of Civil Procedure. These matters are not seriously disputed by petitioner, but the contention is made that the evidence is insufficient to warrant the finding of the court that Rasmussen had the ability to perform the act required by the judgment in the divorce action.

[2] The court, in the divorce action, found that the petitioner had the ability to pay his wife five thousand dollars out of the community property in his possession and ordered him to make such payment. It is only necessary that the affidavit which constitutes the basis for judicial action in such a proceeding should show the making of the order for alimony and the fact of the refusal of the husband to make payment as so ordered. It is not necessary for the wife, on the hearing of the contempt proceedings for non-payment of alimony, to prove anything more than the making of the order and disobedience of it by her husband in refusing to pay the amounts which the court found he had the ability to pay when it made the order. She makes a *prima facie* case at the hearing by producing the original order and by proof of the refusal of her husband to make payment according to its terms. (*In re McCarty, supra.*) All of these things were done in the present case.

[3] The husband had the opportunity of presenting to the court any legitimate excuse he might have had for disobeying the order of the court. If his excuse was that since the making of the original order he has become unable to pay the alimony required by it, it was incumbent upon him to prove that fact. He is in the best position to show why, for any reason, he has not obeyed the order and it is his duty to do so as a matter of defense. (*In re McCarty, supra.*) This burden the petitioner in the present case did not sustain and the trial court has found against him in the judgment of contempt upon this issue. Petitioner contends that this finding is not supported by the evidence. We think the finding was proper because of the failure of petitioner to produce satisfactory evidence upon this issue of which he had the burden of proof.

As hereinbefore stated, there is pending before the superior court an application to purge petitioner of the contempt, which matter has been continued by said court and, doubtless, will be duly and regularly heard, and it may be that upon such hearing, petitioner may be able to sustain the burden placed upon him to prove his inability to comply with the order of the court. Such an opportunity is afforded him under the provisions of section 1143 of the Code of Civil Procedure.

The judgment of the superior court is affirmed.

Nourse, J., and Sturtevant, J., concurred.