(No. 5820. November 23, 1931.)

In the Matter of the Application of MICHAEL J. TIERNEY for a Writ of Habeas Corpus.

[5 Pac. (2d) 539.]

A. L. Morgan, for Plaintiff.

Fred J. Babcock, Attorney General, and Z. Reed Millar, and Maurice H. Greene, Assistant Attorneys General, for Respondent.

GIVENS, J.—April 11, 1931, an affidavit was filed before a justice of the peace in Moscow:

" . . . . That Michael J. Tierney is a resident of the County of Latah, State of Idaho, and is so far addicted to the intemperate use of alcoholic stimulants as to have lost the power of self-control and to be subject to dipsomania or inebriety.

"Wherefore, affiant prays that a warrant be issued directing that the said Michael J. Tierney be arrested and taken before the District Court of this County or the Judge thereof for a hearing or an examination upon said charge. . . . . "

Pursuant to this affidavit, petitioner was brought before Honorable Gillies D. Hodge, District Judge of the Second Judicial District; a hearing held, and the matter postponed, and defendant permitted to go on his own recognizance.

No question is raised that at such hearing petitioner was not fully informed of the charge against him, and allowed to produce whatever evidence he desired. He was represented by counsel, and did not question the sufficiency of

the affidavit or process, or object in any way to the proceedings or the disposition of the action.

September 28, 1931, the prosecuting attorney of Latah county filed the following affidavit:

" . . . . Abe Goff, being first duly sworn, upon oath deposes and says:

"That he is the Prosecuting Attorney for Latah County, State of Idaho; and that heretofore, and on the 14th day of April, 1931, one Michael J. Tierney was brought before the above entitled Court and certain evidence was introduced tending to show that the said Michael J. Tierney was so addicted to the use of alcoholic stimulants as to have lost the power of self-control; that after such evidence had been introduced and the Court had fully considered the same, the Court decided to continue the hearing in said matter to determine whether said Michael J. Tierney had in fact lost the power of self-control. The Court ordered that he be released and that he refrain from the use of alcoholic stimulants of every kind and nature, and further directed that should he so indulge, he should be brought before this Court and sent to the Northern Idaho Sanitarium for treatment.

"That in violation of the Court's order that he should refrain from the use of alcoholic stimulants, the said Michael J. Tierney has persisted in the use of such intoxicants and has repeatedly been intoxicated at various and sundry times and occasions, the exact dates of which affiant does not now remember, and will continue to do so unless he is sent away for proper treatment; that on several of the occasions when the said Michael J. Tierney has been drunk, he has written bad checks and secured money thereon and that affiant now has in his possession three such checks and is informed and believes that there are several others outstanding which have been so written without funds by the said Michael J. Tierney.

"Wherefore, affiant prays that the above entitled Court issue a bench warrant for the arrest of Michael J. Tierney, that a hearing in this case be completed and that if the

Court finds that this affidavit has truly stated the facts herein, then that the said Michael J. Tierney be placed under proper care for treatment. . . . . ''

Thereafter, on a bench warrant, issued by the aforementioned district court, petitioner was brought before the court, was represented by counsel, and so far as the record shows, made no objection to any of the proceedings, and after a hearing and examination of witnesses, was committed by the district judge to an asylum, under C. S., sec. 1191.

By the writ herein, petitioner attacks the sufficiency of the affidavit, contends the district judge had no authority to release him after the hearing in April and permit him to go on his own recognizance, and that the court had no jurisdiction to hold the examination in September and commit him.

No question is presented as to the sufficiency of the showing in September to justify the district judge in ordering the commitment of petitioner.

The affidavit of April 11, 1931, was substantially in the language of the statute, C. S., sec. 1177, and if deficient, was in effect amended by the Goff affidavit of September. The California statute requires more than our statute, and the case under it holding an affidavit similar to the one filed herein, insufficient, was on writ of prohibition (*Henley v. Superior Court,* 162 Cal. 239, 121 Pac. 921), while on *habeas corpus* the court had held it sufficient (*Ex parte Henley,* 18 Cal. App. 1, 121 Pac. 933), as pointed out in *Ex parte Liggett,* 187 Cal. 428, 202 Pac. 660. (See, also, 19 C. J. 804.)

If it be considered that the affidavit should be tested by the standard of sufficiency as applied to a criminal complaint, which it need not, since the action herein is not of a criminal nature (*In re Hinkle,* 33 Ida. 605, 196 Pac. 1035), it was sufficient as substantially in the language of the statute. (*State v. O'Neil,* 24 Ida. 582, 135 Pac. 60; *State v. McMahon,* 37 Ida. 737, 219 Pac. 603.)

As pertinently stated in *Ex parte Henley, supra,* page 934:

"The proceeding, it may be remarked, is simply preliminary to the examination of the charge to be had after the notice prescribed by the statute, and the affidavit sufficiently informs petitioner of the nature of the accusation."

The defects in the affidavit, then, if any, will not be considered on *habeas corpus*. (*In re Lowe,* 50 Ida. 602, 298 Pac. 940; *In re Bottjer,* 45 Ida. 168, 260 Pac. 1095; 29 C. J. 41.)

The trial court had jurisdiction of the petitioner and the subject matter of the action (*In re Hinkle, supra*), and the release of the petitioner in April, and the continuance of the hearing in September, will not warrant his release on *habeas corpus,* where it is not shown he was not in September, 1931, or is not now, as a matter of fact, a dipsomaniac or inebriate. (C. S., sec. 9289; *In re Davis,* 23 Ida. 473, 130 Pac. 786.)

Writ quashed. No costs allowed.

Lee, C. J., and Budge, Varian and McNaughton, JJ., concur.