## In Re McCABE

No. 2964

December 7, 1931.                    5 P. (2d) 538.

*Frame & Raffetto,* for Petitioner.

*Melvin E. Jepson,* District Attorney; *A. P. Johnson,* Deputy District Attorney; and *Leon Shore,* for Respondent.

## OPINION

By the Court, COLEMAN, C. J.:

This is an original proceeding in habeas corpus.

It appears from the return that the petitioner was, on November 4, 1931, adjudged in contempt of court for failure to pay alimony and money for the support of his two children of the ages of two and four years, "although such failure was not due to his financial inability," as found by the trial court.

It is the contention of the petitioner that moneys ordered to be paid constitute a debt, and that under both the federal and state constitutions no one can be imprisoned for the nonpayment of a debt.

It is further contended that the evidence taken before the lower court showed that petitioner was without means with which to comply with the terms of the decree.

■ The first contention is without foundation. Ex Parte Phillips, 43 Nev. 368, 187 P. 311.

■ As to the other contention, we are precluded by the finding of the lower court.

In Ex Parte Winston, 9 Nev. 71, a habeas corpus proceeding, the court said:

"Chancellor Kent says that 'no inquiry is to be made into the legality of any process, judgment or decree * * * where the party is detained under the final decree or judgment of a competent court.' In Commonwealth v. Lecky, Gibson, C. J., said: 'The habeas corpus is undoubtedly an immediate remedy for every illegal imprisonment. But no imprisonment is illegal where the process is a justification of the officer; and process, whether by writ or warrant, is legal wherever it is not defective in the frame of it, and has issued in the ordinary course of justice from a court or magistrate having jurisdiction of the subject matter.' 1 Watts [Pa.], 67 [26 Am. Dec. 37], and authorities there cited.

"A habeas corpus is not a writ of error. It cannot be used to authorize the exercise of appellate jurisdiction. On a habeas corpus the judgment of an inferior court cannot be disregarded. We can only look at the record to see whether a judgment exists, and have no power to say whether it is right or wrong. It is conclusively presumed to be right until reversed; and when the imprisonment is under process, valid on its face, it will be deemed prima facie legal, and if the petitioner fails to show a want of jurisdiction in the magistrate or court whence it emanated, his body must be remanded to custody."

In Phillips v. Welch, 12 Nev. 158, the court said:

"Petitioner was next brought before the chief justice upon a writ of habeas corpus, where a similar argument was again advanced, and the petitioner was remanded into custody upon the familiar principle, almost universally recognized, that when a court commits a party for a contempt its adjudication is a conviction, and its commitment, in consequence, is execution; and no court can

discharge on habeas corpus a person that is in execution by the judgment of any other court having jurisdiction of the subject matter of the contempt.

"This principle is acknowledged by counsel for petitioner to be correct, and is certainly too well settled to require a citation of the authorities. Some of the cases are referred to in Ex Parte Winston, 9 Nev. 71."

In Ex Parte Cottrell, 59 Cal. 420, a similar proceeding to the instant one, the court observed:

"Upon the same principle we can not discharge the petitioner, on the ground that he testified to his inability to comply with the order he is charged with having disobeyed. It he could not obey it, he should not be punished for not obeying it. But the question whether it was in his power to obey it was one of fact, which the Court making the order had to determine, and we are not aware of any law which makes the statement of a party under oath that he is unable to comply with such an order absolutely conclusive. The Court may, nevertheless, have good and sufficient reasons for disbelieving his statement. In this case we could not determine that question without reviewing all the evidence introduced upon the hearing before the Superior Court, and that we are not authorized to do in this proceeding. * * *

"But the writ of habeas corpus was not framed to re-try issues of fact, or to review the proceedings of a legal trial."

A long line of authorities are cited to support the rule stated in Re Nevitt, 117 F. 448, 54 C. C. A. 622.

To the same effect is Ex Parte Lennon, 166 U. S. 548, 17 S. Ct. 658, 41 L. Ed. 1110; 29 C. J. 96.

It is ordered that these proceedings be dismissed, and that the petitioner be remanded to the custody of the sheriff of Washoe County.