[S. F. No. 15799.   In Bank.—July 30, 1937.]

JACOB L. MERY, Petitioner, v. SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Thomas D. Aitken for Petitioner.

Myron Harris and R. J. Darter for Respondents.

EDMONDS, J.—This case was first heard and decided by the District Court of Appeal, First District, Division Two. Thereafter a hearing was granted in this court and we now adopt the following portion of the opinion of Mr. Presiding Justice Nourse as the opinion of this court:

"This is an original proceeding in prohibition wherein the petitioner questions the jurisdiction of the respondent court

to punish him for contempt for failure to meet payments of alimony.

"The proceedings which the petitioner seeks to enjoin were based upon an affidavit made by his former wife. The vital question raised here is whether this affidavit states sufficient facts to give the court jurisdiction. It states that the original award was made on February 2, 1926, and modified (presumably) on February 14, 1930; that the sum of $10,860 had accrued under the order, of which $8,860 had been paid, leaving delinquent the sum of $2,000. In support of her charge that the petitioner was in contempt because of this delinquency the former wife alleged the petitioner had been able to comply with the order because he 'is employed'. No facts were stated showing upon what the affiant's conclusion was based, and no facts were shown at any of the hearings other than that petitioner had obtained United States bonds in payment of the veterans' bonus amounting to about $649, and that he was then employed at a salary of $100 a month.

■ "The settled rule is that an affidavit charging contempt is like a complaint in a criminal case and must charge facts which show that a contempt has been committed. (5 Cal. Jur., p. 938 et seq.) Where the ability of the contemner to comply with the order has already been determined by the court, it has been held that it is only necessary that the affidavit allege the making of the order and the refusal to comply with it. (*In re McCarty*, 154 Cal. 534 [98 Pac. 540]; *In re Rasmussen*, 56 Cal. App. 368 [205 Pac. 72]; 5 Cal. Jur., p. 941.) The cases cited in support of the last statement both involved an affidavit filed soon after the order or judgment was entered. In such cases there is every reason for holding that the statement of the entry of the order or judgment is sufficient where the question of the ability to comply with the order was there determined. ■ The unreasonableness of such a rule in a case such as is presented here, where the affidavit in question was filed more than ten years after the order, must be obvious, because an adjudication of the defendant's ability to pay in 1926 is no sound proof of that fact under the conditions existing in 1936. Here the petitioner was charged with contempt for failure to pay the accrued sum of $2,000 with no statement of facts showing his ability to pay other than that he 'is employed'. He was not cited to defend the claim that his veterans' bonus was sub-

ject to execution to pay this preexisting debt, nor the claim that, because his second wife was employed, he should look to her alone for his support and use his own wages in payment of the alimony judgment, nor with the claim that an automobile used by him should be dispensed with. He was cited to show why he should not be punished for contempt for the failure to pay the accrued sum of $2,000 and not merely a part of that sum, and the only allegation upon which that citation was based was that he *was* able to pay that sum because he 'is employed'. This falls far short of a statement of facts showing that a contempt has been committed, particularly a contempt justifying the order of commitment which the respondent court threatens to make.''

The peremptory writ of prohibition will issue.

Langdon, J., Shenk, J., Curtis, J., and Seawell, J., concurred.