(No. 6998.   May 12, 1942)

IN RE ALBERT BATES

(125 Pac. (2d) 1017)

J. F. Cromwell and Smith & Ewing, for Appellant.

V. K. Jeppesen, Prosecuting Attorney for Canyon County, Idaho, and Bert H. Miller, Attorney General, for Respondent.

MORGAN, J.—January 21, 1941, the prosecuting attorney of Canyon County appeared before a justice of the peace thereof and verified and filed an amended criminal complaint wherein he accused Albert Bates, appellant herein, of the crime of grand larceny and of being a persistent violater of law. Thereafter a preliminary examination was held before a justice of the peace, sitting as a magistrate, which resulted in an order that appellant answer in the District Court of the Seventh Judicial District, for Canyon County, to the charge of being a persistent violator of law.

The prosecuting attorney filed an information in the district court accusing appellant of grand larceny and of being a persistent violator of law. A trial resulted in a verdict of guilty as charged in the information. Judgment of conviction was entered, wherein he was sentenced to imprisonment in the penitentiary for a term of not

less than five years nor more than twenty years. Appellant was incarcerated in the penitentiary pursuant to a commitment issued by the district court, February 21, 1941, wherein appears the following:

"AND THIS IS TO COMMAND YOU, The said Warden, and other officers in charge of the Penitentiary of the State of Idaho aforesaid, to receive of and from the Sheriff of the County of Canyon the said Albert Bates convicted and sentenced as aforesaid and he, the said Albert Bates, keep and imprison in the said Penitentiary of the State of Idaho, for the term of not less than five (5) nor more than Twenty (20) years.

"And these presents shall be your authority for the same. Herein fail not."

Appellant petitioned the District Court of the Third Judicial District, for Ada County, for a writ of habeas corpus, which was granted. The warden made return on the writ wherein he alleged that he held appellant as a prisoner, in the penitentiary, by virtue of the judgment and commitment of the District Court of the Seventh Judicial District, for Canyon County, and accompanied his return with a certified copy of the commitment. He also produced appellant in court. Appellant made answer to the return, and hearing thereon was had which resulted in the order, remanding him to the custody of the warden, from which this appeal has been taken.

Appellant's contention is disclosed, for the first time, by the following paragraphs in his petition for writ of habeas corpus:

"That by said ORDER of the Justice of the Peace, as aforesaid, the said Albert Bates was held to answer in the said District Court to a charge of being a persistent violator of law, and that the information filed against him, as aforesaid, charged him with the crime of Grand Larceny. That the District Court before which he was tried on said charge of Grand Larceny exceeded its jurisdiction for the reason that said Court had no jurisdiction to try said Albert Bates for the commission of any criminal offense other than the criminal offense for which he was held to answer.

"That the imprisonment and restraint of the said

Albert Bates, also, was illegal in that he was not held to answer in the District Court for any offense known to law."

Idaho Code Annotated, § 19-4314, a part of the chapter on the subject of habeas corpus, provides:

"The court or judge, if the time during which such party may be legally detained in custody has not expired, must remand such party, if it appears that he is detained in custody:

"1.    * * *

"2.    By virtue of the final judgment or decree of any competent court of criminal jurisdiction, or of any process issued upon such judgment or decree."

The District Court of the Seventh Judicial District of the State of Idaho in and for Canyon County, the court which tried appellant, found him guilty, entered judgment of conviction against him, and issued a commitment directing the warden of the penitentiary to imprison him during the term of his sentence, was a "competent court of criminal jurisdiction," and had jurisdiction of the person of appellant and of the crime of grand larceny of which he was convicted.

Section 19-2414 provides:

"Any person convicted for the third time of the commission of a felony, whether the previous convictions were had within the state of Idaho or were had outside the state of Idaho, shall be considered a persistent violator of law, and on such third conviction shall be sentenced to imprisonment in the state penitentiary for not less than five years and said imprisonment may be extended to life."

The third conviction of a person of a felony does not constitute a crime. The section merely provides for punishment, on the third conviction of the accused, in excess of that which might have been inflicted on him had he not been twice previously convicted. *State v. Lovejoy,* 60 Ida. 632, 95 Pac. (2d) 132; *Ex Parte Bailey,* 60 Okla. Cr. 278, 64 Pac. (2d) 278; *Kuwitzky v. O'Grady,* 135 Neb. 466, 282 N. W. 396; *Goodman v. Kunkle,* 72 F. (2d) 334, (cert. den.) 293 U. S. 619, 55 S. Ct. 218, 79 L. Ed. 707. It was necessary, however, for the information to charge that defendant was a persistent

violator of law, in order to authorize the judge to impose sentence provided for a persistent violator. *State v. Lovejoy, supra.*

The magistrate's order that appellant be held to answer, in the district court, to the charge of being a persistent violator of law, instead of grand larceny, of which he was accused, both in the amended criminal complaint and in the information, was irregular and erroneous. If appellant desired to avail himself of this irregularity the time to do so was before his plea was entered, by motion to quash the information. It was not available to him on petition for writ of habeas corpus.

*In re Bottjer,* 45 Ida. 168 172, 260 Pac. 1095, a habeas corpus case, this court said:

"The points raised by the petitioner relative to the defects in the proceedings before the probate court and in the district court were waived, no motion to quash, demurrer or motion in arrest of judgment having been filed, and the petitioner's first and only attack made upon the proceedings being in the application for the writ herein. (*State v. Bilboa,* 33 Ida. 128, 190 Pac. 248; *In re Davis,* 23 Ida. 473, 130 Pac. 786; *In re Dawson,* 20 Ida. 178, 117 Pac. 696, 35 L. R. A., N. S., 1146; *In re Alcorn,* 7 Ida. 101, 60 Pac. 561; *State v. Hinckley,* 4 Ida. 490, 42 Pac. 510; * * * "

See, also, *State v. Clark,* 4 Ida. 7, 35 Pac. 710; *In re Fred Marshall,* 6 Ida. 516, 56 Pac. 470; *In re John Knudtson,* 10 Ida. 676, 79 Pac. 641; Application of Allen, 31 Ida. 295, 170 Pac. 921.

The order appealed from is affirmed.

Givens, C.J., and Budge, Holden, and Ailshie, JJ., concur.