(No. 7265. December 19, 1945.)

JOHN ARKOOSH, Plaintiff-Appellant, v. CLEO FAULK-NER ARKOOSH, Defendant-Respondent.

[164 P. (2d) 590.]

James, Shaw & James for appellant.

Chapman & Chapman for respondent.

HOLDEN, J.—This is an independent suit brought to obtain a decree awarding plaintiff-appellant, John Arkoosh, right to visit the minor child of plaintiff-appellant and defendant-respondent, Cleo Faulkner Arkoosh.

Appellant and respondent were married July 29, 1935. Of that marriage was born a son, John William Arkoosh, now eight years old. September 18, 1940 appellant and respondent were divorced. The decree, among other things, awarded, pursuant to stipulation, the custody of said child, then three years old, to the mother. December 14, 1944, appellant filed a complaint against respondent in the District Court of the Fourth Judicial District, in and for Gooding County, Idaho, the pertinent allegations of which are:

"That upon frequent occasions since the rendition of said decree the plaintiff has sought defendant's permission to visit said minor child and has endeavored to visit him but upon all occasions the defendant has refused and still refuses to permit the plaintiff to visit said minor child, to talk to him or to send him presents of any kind, and plaintiff has never been able to visit said child or to talk to him. That upon several occasions the plaintiff has sent presents to said minor child but with one exception they have been returned to the plaintiff and plaintiff believes and alleges that said presents were returned to the plaintiff by the defendant or on her orders.

"That the plaintiff has at all times had and still has a deep affection for said child and a desire and longing to visit said child and to talk with him, to send him presents and to have said child keep said presents, but plaintiff alleges that unless the defendant is required by judgment of the court to permit the plaintiff to visit said child and to talk to him and to send presents to said child and to permit said child to keep said presents, the defendant will continue to refuse to permit the plaintiff to visit said child or to talk to him and will continue to return to the plaintiff any presents which he may send to said child, and will prevent the defendant from visiting said child or talking to him and will prevent said child from keeping said presents."

Defendant-respondent demurred to the complaint on the ground it did not state facts sufficient to constitute a cause of action. The court sustained the demurrer and entered judgment dismissing the suit. The appeal to this court is from the judgment.

The record presents the question as to whether the District Court, in an independent suit, has jurisdiction to determine right of visitation of a divorced parent where the other divorced parent, awarded custody of a minor child by decree in the divorce suit, refuses to permit visitation. Or, in other words, whether jurisdiction to determine visitation (as well as all matters or any matter affecting the welfare of a minor child and its best interests), continues, as in vacating or modifying an order granting custody of a minor child.

Section 31-705, I.C.A., provides:

[Sec. 31-705.] "Custody of Children.—In an action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

▮▮▮▮ In considering the question as to whether jurisdiction continues to determine the right of visitation, it should be kept in mind this court has uniformly held the welfare and best interests of a minor child is the "polar star by which the court must be guided," where right to custody is presented (*Roosma v. Moots,* 62 Ida. 450, 459, 112 Pac. (2d) 1000, and cases therein cited.) And, further, where right to custody of a minor child is presented for determination, the welfare and best interests of the child "is the paramount consideration (*Roosma v. Moots,* supra) ; is of "paramount importance" (*Piatt v. Piatt,* 32 Ida. 407, 184 Pac. 470) ; is of the "utmost importance" (*Olson v. Olson,* 47 Ida. 374, 276 Pac. 34) ; the last two cases being cited and followed in *Kirkpatrick v. Kirkpatrick,* 52 Ida. 27, 30, 10 Pac. (2d) 1057. Is, then, the welfare and best interests of a minor child also involved and of paramount consideration and importance where right of visitation is presented for determination? It has been so held.

"Right of visitation should be allowed or denied, according to what is best for the child. Its welfare must receive paramount consideration." (*Fitch v. Fitch* (Sup. Ct. Iowa)

224 N.W. 503, 504, and cases therein cited.) In other words, the welfare and best interests of a minor child "must receive paramount consideration" in the determination of the right of visitation just as it does in the determination of the right to custody; and, moreover, where right of visitation is presented for determination, the welfare and best interests of the child being inextricably interwoven with right to custody, the court having jurisdiction to determine right to custody and "at any time to vacate or modify the same," where that is later made to appear advisable, must necessarily have complete and continuing jurisdiction to also determine right of visitation and to explore fully how, if at all, either visitation or custody, under all the facts and circumstances, will affect the other, whether for good or ill, in the all important matter of determining what will best promote and protect the welfare of the child. Moreover, the court in the divorce suit, had jurisdiction of the subject matter. It obtained jurisdiction of the persons of the parties, as well as of their minor child, in the divorce suit. In the case at bar, the court first obtained jurisdiction of the minor child in the original divorce suit. Hence, jurisdiction to determine all matters in any way affecting the welfare or the best interests of the child, continues in the suit in which the court so first obtained jurisdiction, until the child reaches his majority.

The judgment of dismissal must be affirmed, and it is so ordered, with costs to respondent.

Ailshie, C. J., and Givens and Miller, JJ., concur.

Budge, J., neither sat at the hearing nor participated in the above entitled case.