262 P.2d 994

KINNER v. STEG, Sheriff.

No. 8068.

Supreme Court of Idaho.

Nov. 6, 1953.

Stephen Bistline, Sandpoint, for appellant.

Hardy C. Lyons, Sandpoint, for respondent.

GIVENS, Justice.

September 18, 1953, a hearing was held in the District Court, on an order to show cause why plaintiff should not be punished for contempt for failure to pay stated amounts for the support of his children, as ordered in a previously entered divorce decree. At the conclusion of the evidence, after some colloquy, the learned trial court summarily found plaintiff herein guilty of contempt; that he was $645 in arrears, and ordered him committed to the custody of defendant sheriff for six months, and rendered judgment against him for $645 and costs.

A commitment dated September 19, 1953, was as follows:

"You are hereby commanded to receive the body of Thomas M. Kinner and to detain said person in your custody until further order of this Court or for a period of six (6) months.

"Dated and done this 19th day of September, 1953."

Appended to the brief of the Prosecuting Attorney on behalf of the Sheriff, not otherwise authenticated, is a purported memorandum decision dated October 7, 1953, as follows:

"In the above entitled matter, the plaintiff, Thomas M. Kinner, was regularly heard in open court at Sandpoint, Idaho, on the 18th day of September, 1953, for the purpose of showing cause, if any he had, why he should not be punished for contempt of court arising out of his failure to make the payments for the support of his children as required by the Decree of Divorce entered herein, and at said time and place, the Court found that the said Thomas M. Kinner was in contempt of court for his failure to make said payments and had deliberately refused to pay said amounts to Lois R. Kinner, the mother of said children, notwithstanding the fact that he had the ability so to do.

"The court further finds, and the record showed, that on the 18th day of September, 1953, there was due and owing to Mrs. Dolly Lord, the sum of $58.00 for the support of the minor children while boarded with the said Mrs. Dolly Lord, and furthermore, that in the preceding month, Bonner County, Idaho, had paid to the said Mrs. Lord, the sum of $20.00 as and for support money for the minor children of Thomas M. Kinner.

384

"The Court further finds that upon sentencing the said Thomas M. Kinner to the County Jail in Bonner County, Idaho, for his contempt of court in failing to obey said Decree, that the said Thomas M. Kinner was advised by the Court, that if he, the said Thomas M. Kinner, paid the $58.00 due Mrs. Dolly Lord for the support of his children, and further, if he repaid Bonner County, Idaho, the sum of $20.00 recently advanced to Mrs. Lord for the purpose of purchasing food for said children, then in that event, the Court would consider modifying the Judgment of Contempt.

"The Court further finds that on or about September 25, 1953, Mr. Stephen Bistline, attorney for Thomas M. Kinner, was advised in person by the undersigned, that he would be in open court at Sandpoint, Idaho, on the morning of Tuesday, September 29, 1953, and at that time and place, would hear anything that the said Thomas M. Kinner might care to submit for the purpose of obtaining a modification of the Order and Judgment, dated September 18, 1953, and filed herein, September 19, 1953, by the terms and provisions of which Order and Judgment the said Thomas M. Kinner was ordered confined in the County Jail of Bonner County, Idaho, for a period of six months. But that notwithstanding said statement by the undersigned to the said Stephen Bistline, attorney for Thomas M. Kinner, no request has been made to the undersigned for any hearing concerning said matter.

"The Court further finds that on September 18, 1953, Thomas M. Kinner had due him for wages, approximately $113.00 net, and that he, the said Thomas M. Kinner, did have funds available with which to pay the said Mrs. Dolly Lord, the $58.00 due her for the support of the Kinner children, and funds with which to repay Bonner County, Idaho, the sum of $20.00 heretofore referred to." (Signed by the Judge.)

█ This method of presenting a factual record is too casual. 39 C.J.S., Habeas Corpus, § 89(c), p. 654.

No further record appears, except the transcript of the evidence at the contempt hearing below, introduced herein as an exhibit by the Prosecuting Attorney appearing ex necessitate legis for the Sheriff. Section 31-2604, Idaho Code.

Upon plaintiff's application, a writ of habeas corpus was issued October 7, 1953.

The sheriff's return, together with the application, disclose the above situation.

█ The habeas corpus proceedings herein were heard October 20, 1953, and by minute entry plaintiff was ordered forthwith released, because the learned trial court's order of commitment was not sup-

ported by an indispensable jurisdictional finding; opinion to follow, and same is set forth herein.

Before the learned trial court could commit plaintiff to jail until further order of the court or a period of six months, evidently under Section 7–611, I.C., for failure to perform in the payment of support for his children, it was jurisdictional that the court have made a finding, which must have been supported by the evidence, that plaintiff yet had, i. e., had when he failed to pay and at the time of the hearing, the ability to perform.

"When the contempt consists in the omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he has performed it, and in that case the act must be specified in the warrant of commitment." Section 7–611, Idaho Code; In re Hamberg, 37 Idaho 550, 217 P. 464, 31 A.L.R. 650, anno. IV; Vollmer v. Vollmer, 46 Idaho 97, 266 P. 677; In re Irish, 51 Idaho 605, 9 P.2d 501; In re Bean, 58 Idaho 797, 79 P.2d 540; Lusty v. Lusty, 70 Idaho 382, 219 P.2d 280; Skirven v. Skirven, 154 Md. 267, 140 A. 205, 56 A.L.R. 697 and note, 76 A.L.R. 390; 12 Am.Jur. 406, § 24; 17 C.J.S., Contempt, § 19, p. 24; Bailey v. Superior Court in and for Los Angeles County, 215 Cal. 548, 11 P.2d 865.

Even if the memorandum decision, supra, were considered—which would be irregu-lar if not unjustifiable—no such specific finding, i. e. ability to pay $645, the basis of the contempt commitment, is in the record.

The distinction between release in habeas corpus from a void order, and attempt to secure modification of an order while in arrears without first purging the contempt is clear and has not been overlooked. Lusty v. Lusty, 70 Idaho 382, 219 P.2d 280, supra; Hoagland v. Hoagland, 67 Idaho 67, 170 P.2d 609; Skirven v. Skirven, 154 Md. 267, 140 A. 205, 56 A.L.R. 697, supra.

The order of release heretofore entered was, therefore, imperative.

PORTER, C. J., and TAYLOR, THOMAS, and KEETON, JJ., concur.