279 P.2d 873

**Application of Duke H. MARTIN for a Writ of Habeas Corpus.**

No. 8269.

Supreme Court of Idaho.

Feb. 8, 1955.

Anderson & Anderson, Pocatello, for petitioner.

No appearance for respondent.

TAYLOR, Chief Justice.

This is an original proceeding in habeas corpus by which petitioner seeks release from custody of the sheriff of Blaine County, who holds him in the county jail by virtue of an order of the Honorable D. H. Sutphen, judge of the district court. The order was entered in contempt proceedings arising out of the failure of the petitioner to pay the sum of $115, for the support of his minor children, as required by order made, subsequent to the decree, in divorce proceedings brought against him by his former wife.

A few days before the action for divorce was commenced, the petitioner and his then wife entered into a property settlement agreement by the terms of which petitioner agreed to pay to the wife the sum of $150 per month for the support of the two minor children of the parties. The agreement was referred to in the divorce complaint and was received in evidence upon the hearing. In its decree of July 19, 1951, the court provided that the agreement "for the maintenance and support of the said children be approved, confirmed and ratified by this court, and the parties are each ordered and directed to comply with the terms and provisions thereof on his or her part to be performed with the same force and effect as if such terms and provisions were set out in haec verba as a part hereof."

Sometime in 1953 petitioner made application to the district court to modify the decree. After hearing thereon an order was made October 15, 1953, making some modification and continuing the application to February 4, 1954, on which date, and after further hearing, the following order was made and entered:

"Now therefore, it is hereby ordered, adjudged and decreed That the decree of divorce heretofore entered on the 19th day of July, 1951, be and the same hereby is amended and the previous order of said Court dated October 15, 1953, is also amended in the following particulars, to-wit: That the defendant Duke H. Martin shall pay to the plaintiff, Gwen J. Martin, the sum of One Hundred Dollars ($100.00) for the support and maintenance of the children of the parties hereto for the month of February, 1954. That thereafter the defendant, Duke H. Martin, shall pay to the plaintiff the sum of One Hundred Twenty-Five Dollars ($125.00) per month for the support and maintenance of the said minor children and that this order shall continue until further order of the Court."

Thereafter, on November 27, 1954, an affidavit, made by the former wife, was filed in the divorce proceedings, in which the affiant alleged the making of the order of

February 4, 1954; that the payments required by the order were made by petitioner for the months of February, 1954, through September, 1954, and for November, 1954; and that the October payment had not been made. Based upon this affidavit order to show cause was issued and upon the hearing thereof, on December 16, 1954, the following findings, conclusions and order were made and entered:

"1. That the said defendant is in default in the payment of support money due the plaintiff for the month of October, 1954, for the support of the minor children of the parties, under an order of the Court dated February 4, 1954, in the amount of $115.00.

"2. That the said sum is due the plaintiff from the defendant under said Order, and that the same has not been paid.

"3. That the said defendant is employed by the Triumph Mining Company, at a salary of $15.19 per day; that his average 'take-home' pay is in the amount of $350.00 per month; that the said defendant is remarried, and that he and his present wife are building a home, for which they have bought material out of their joint funds.

"4. That the defendant received the sum of $4,900 from the sale of a club formerly owned by him; and that said sum was received by defendant in February, 1954, as a payment to him from

the sale of said club; and that defendant owns a 1954 model Ford automobile.

"5. That the said defendant at present has the sum of $510.00 available to him and owned by him; and that said defendant has the present ability to pay the sum of $115.00 due from him to the plaintiff as aforesaid.

"6. That plaintiff has requested that the sum of $50.00 be granted for the prosecution of said Order to Show Cause, and that said sum is a reasonable sum to be allowed for such purpose.

"As a conclusion of law, from the foregoing facts, the Court finds that the said defendant, Duke H. Martin, has willfully failed and neglected to pay the said sum of $115.00 to the plaintiff, having the present ability so to do, and that by reason thereof the said defendant is in contempt of this Court."

"It is hereby ordered, adjudged and decreed, that the said defendant, Duke H. Martin, is guilty of contempt of this court for his willful failure to pay to the plaintiff the sum of $115.00, which is due and owing from him to the said plaintiff under that certain Order of the Court dated February 4, 1954;

"And it is further ordered, adjudged and decreed, that the said defendant, Duke H. Martin, is hereby sentenced

to be confined to the county jail, at Hailey, Blaine County, Idaho, until such time as he shall purge himself of his contempt of this Court by the payment to the said plaintiff of the sum of $115.00, together with the further sum of $50.00 as plaintiff's attorneys' fees herein, and the further sum of $2.70 as costs.

"Witness my hand this 16th day of December, 1954."

Petitioner's first contention is that the order of February 4th, modifying the decree, is void because the court lacked jurisdiction to make it. He contends that, since the decree did not incorporate the agreement for support, but merely approved it, and ordered the parties to comply with its terms, there was nothing in the decree with reference to support for the court to modify, citing, among other cases, Bainbridge v. Bainbridge, 75 Idaho 13, 265 P.2d 662. The Bainbridge case is not in point. While there was a child involved in that case, the trial court did not undertake to modify either the decree or the contract as to child support. It attempted to modify the decree only as to support for the wife. There is a vital difference. As we recognized in the Bainbridge case, the parties to a divorce proceedings are competent to contract. Parke v. Parke, 76 Idaho 168, 279 P.2d 631. The minor children are not competent. Their natural and legal right to support cannot be denied or abridged by any agreement between the parents. Hay v. Hay, 40

Idaho 159, 232 P. 895; Miller v. Superior Court, 9 Cal.2d 733, 72 P.2d 868; Smith v. Smith, 125 Cal.App.2d 154, 270 P.2d 613; Holloway v. Holloway, 130 Ohio 214, 198 N.E. 579, 154 A.L.R. 439.

"* * * The duty of a father to supply necessaries for a child's maintenance cannot be discharged by a separation agreement between husband and wife. Melson v. Melson, 151 Md. 196, 134 A. 136. It follows that that portion of the property settlement agreement and the decree relieving respondent from all further liability for the support and maintenance of the minor child is void as between said minor and its parents." Keyes v. Keyes, 51 Idaho 670, at page 674, 9 P.2d 804, at page 805.

Further, our statute expressly provides:

"In an action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same." § 32–705, I.C.

Decrees and orders affecting the custody and support of children are subject to the continuing control of the court and do not become final. Sauvageau v. Sauvageau, 59 Idaho 190, 81 P.2d 731; Arkoosh v. Arkoosh, 66 Idaho 607, 164 P.2d 590; Smith v. Smith, 67 Idaho 349, 180 P.2d 853; Rosgen v. Rosgen, 68 Idaho 521, 200 P.2d

184

1005; Hendricks v. Hendricks, 69 Idaho 341, 206 P.2d 523, 9 A.L.R.2d 617. Under the foregoing statute (assuming the parties and the children remain subject to its jurisdiction) the court may make a valid order for the support of the children "after judgment", even though no provision had been made for them in the decree. Hence, whether we regard the decree in this case as merely defective as to child support and subject to modification, or whether it be considered without any provision for such support, the result is the same. The court's jurisdiction in the premises continued, and properly invoked it could make provision for support of the children. Nor do we think the fact that the proceedings culminating in the order of February 4, 1954, and the order itself, purported to modify the decree, would in any way affect the validity of the order. The court had jurisdiction of the parties, of the subject matter, and the power to enter the order. In such circumstances, however erroneous the court's action might be, it could not be void.

■ Moreover, the petitioner brought the proceedings and procured the order of February 4th. It required him to pay $125 per month support, instead of the $150 per month, which he had by contract agreed to pay. Thus, he sought the aid of the court to relieve him from a part of his contractual obligation and he accepted the benefits of the order by paying the lesser amount over a period of several months before he defaulted. True, a party cannot confer jurisdiction upon a court by consent, by agreement, or by seeking to invoke jurisdiction which does not exist. But, here the court had jurisdiction of the subject matter and the power to act in the premises. Having invoked that jurisdiction, the petitioner cannot now be heard to challenge the action of the court for want thereof. McDonald v. McDonald, 55 Idaho 102, 39 P.2d 293.

■ Petitioner also urges that the affidavit of his former wife was insufficient and fatally defective as a basis for the order to show cause, because it was not alleged therein that he had the ability to make the defaulted payment. As appears from the recitals of the court in its findings and judgment of contempt, and the reporter's transcript of the hearing had before the court on December 16, 1954, that petitioner appeared in response to the order to show cause and, without demurring or making any objection to the sufficiency of the affidavit upon which it was issued, participated in that hearing. Thus he waived any defects or irregularities in the affidavit. Vollmer v. Vollmer, 46 Idaho 97, 266 P. 677; McDonald v. McDonald, 55 Idaho 102, 39 P.2d 293; Dean v. Dean, 136 Or. 694, 300 P. 1027, 86 A.L.R. 79; Ex parte Bighorse, 178 Okl. 218, 62 P.2d 487.

■ It is urged that this is a criminal proceeding and, therefore, the strict rules of criminal procedure must be followed, and the sufficiency of the affidavit judged accordingly. We do not agree. While it

may have some of the elements of a criminal contempt, the primary object is to enforce the private civil rights of the children involved. It is, therefore, a civil contempt proceeding. 17 C.J.S., Contempt, §§ 5 and 6; 12 Am.Jur., Contempt, § 6. However, even if we were to assume the rules of criminal procedure applicable, objections to defects or irregularities in the affidavit were waived by failure to take or urge them in the trial court. §§ 19-1703, subsec. 4, 19-1711 and 19-2408, I.C.; State v. Hinckley, 4 Idaho 490, 42 P. 510; In re Alcorn, 7 Idaho 101, 60 P. 561; In re Dawson, 20 Idaho 178, 117 P. 696, 35 L.R.A., N.S. 1146; In re Bottjer, 45 Idaho 168, 260 P. 1095; State v. Sedam, 62 Idaho 26, 107 P.2d 1065; State v. Mundall, 66 Idaho 297, 158 P.2d 818; State v. Scott, 72 Idaho 202, 239 P.2d 258; State v. Webb, 76 Idaho 162, 279 P.2d 634. There is no defect of substance here such as was involved in State v. Slater, 71 Idaho 335, 231 P.2d 424.

In support of his attack on the sufficiency of the affidavit, petitioner relies on § 7-611, I.C., which provides:

"When the contempt consists in the omission to perform an act which is yet in the power of the person to perform, he may be imprisoned until he has performed it, and in that case the act must be specified in the warrant of commitment."

This section requires a finding by the court of ability to perform, as a condition precedent to imprisonment. This court early held that habeas corpus proceedings could not be used to review errors, or the sufficiency of the evidence upon which judgment or process was based; that such matters were to be considered only upon writ of review or appeal. In re Corcoran, 6 Idaho 657, 59 P. 18; In re Alcorn, 7 Idaho 101, 60 P. 561; In re Knudtson, 10 Idaho 676, 79 P. 641; In re Heigho, 18 Idaho 566, at page 569, 110 P. 1029, 32 L.R.A.,N.S., 877; In re Davis, 23 Idaho 473, 130 P. 786; In re Lowe, 50 Idaho 602, 298 P. 940; In re Tierney, 51 Idaho 279, 5 P.2d 539; In re Bates, 63 Idaho 748, 125 P.2d 1017.

The general rule has been somewhat relaxed. In In re Irish, 51 Idaho 604, 9 P.2d 501, the court held that where,

"The showing disclosed beyond dispute that, at the time of the order of commitment for contempt, petitioner did not have the ability to pay the amount ordered, $754, or more than an insignificant portion thereof.

"He must therefore be discharged. In re Hamberg, 37 Idaho 550, 217 P. 264. * * *"

And in Kinner v. Steg, 74 Idaho 382, at page 385, 262 P.2d 994, at page 995, we said:

"Before the learned trial court could commit plaintiff to jail until further order of the court or a period of six months, evidently under Section 7-611, I.C., for failure to perform in the payment of support for his children, it

was jurisdictional that the court have made a finding, which must have been supported by the evidence, that plaintiff yet had, i. e., had when he failed to pay and at the time of the hearing, the ability to perform."

 In this case the court found upon ample evidence that the petitioner had "the present ability" to pay the sum of $115 due from him to the plaintiff. That finding is supported by substantial and competent evidence. In these proceedings this court is not called upon to weigh the evidence and will release the prisoner only where the evidence is wholly insufficient. There being ample proof to support the finding of ability, the order of the trial court is not subject to attack on that ground.

 In urging the insufficiency of the affidavit, petitioner cites, among others, the case of Mery v. Superior Court, Cal.App., 61 P.2d 1215. This decision was upheld by the Supreme Court of California in Mery v. Superior Court, 9 Cal.2d 379, 70 P.2d 932, from which it appears the rule in California is that where the trial court has made a finding of ability to perform at the time it enters the order requiring such performance, the affidavit thereafter alleging failure to perform, need only allege the making of the order and the refusal to comply. In the Mery case this rule was held not applicable where the affidavit was filed more than ten years after the order was made, "because an adjudication of the defendant's ability to pay in 1926, is no sound proof of that fact under conditions existing in 1936." In our case the petitioner had had two hearings before the court on his application for modification of the decree. While the record of the evidence at those hearings is not before us, the district court being a court of record and of general jurisdiction, its order based thereon will be presumed to be supported by sufficient evidence of his ability to make the payments ordered. Applying the California rule to this case, where the affidavit was made some ten months after the order, no allegation of ability need have been made. The general rule in California that the affidavit need only state the making of the order and the fact of refusal to comply, is stated in In re Rasmussen, 56 Cal.App. 368, 205 P. 72, and was followed (see Shepard's Citator) in many cases in that jurisdiction, down to and including Ex parte Risner, 67 Cal.App.2d 806, 155 P.2d 667.

The reason for such a rule in divorce cases was clearly stated by the Supreme Court of Ohio in State ex rel. Cook v. Cook, 66 Ohio St. 566, 64 N.E. 567, at page 568, 58 L.R.A. 625, at page 626 as follows:

"Was the complaint sufficient in law? The specific objection is that it does not allege that it was then in the power of the defendant to perform the act; that is, pay the money. We are of opinion that the objection is not good. The order of the trial court fixing the amount of the alimony to be paid was

an imperative order. It was made, presumably, after due inquiry into the defendant's financial condition, and was fixed at an amount which the court found was reasonable, and that the defendant would be able to pay. It being shown, therefore, that the defendant had not obeyed the order of the court, a prima facie case, at least, had been made that he was in contempt, provided the failure to satisfy a final decree for alimony could be made the basis of a proceeding in contempt. It followed that the burden was upon the defendant to show that it was not in his power to obey the order, and, if this be so, then it would also follow that the complainant was not required to allege such want of [sic] ability in the complaint. Nor is this an unreasonable requirement. The defendant's financial condition and ability to pay were peculiarly within his own knowledge. They could not be known with the same certainty to the complainant, nor could she easily produce evidence to maintain the proposition were the burden of proof placed upon her."

In such cases the burden must necessarily rest upon the defaulting father to show his inability to comply. The mother, acting for the children, would in most cases, be unable to make any satisfactory showing on that issue. Ordinarily the facts are not available to her. To require her to allege and prove the ability of the recalcitrant father to support his children would consequently result in injustice.

In Vollmer v. Vollmer, 46 Idaho 97, 266 P. 677, before this court on writ of review, it was held the burden was on the contemner to show his inability to comply with an order requiring him to pay attorney's fees, costs and support of the wife and child pending appeal in a divorce action.

In Steeves v. Second Judicial District Court, 59 Nev. 405, 94 P.2d 1093, the Nevada court overruling an earlier decision on this point said:

"We are satisfied that the Lutz case [Lutz v. District Court, 29 Nev. 152, 86 P. 445], insofar as it holds that in a case of this kind the affidavit must show defendant's ability to pay, is unsound, and in that respect it is hereby expressly overruled." 94 P.2d at page 1094.

"* * *; but we think that defendant's inability to pay is a matter of defense, and that in a case of this kind it should not be necessary, in order to confer jurisdiction, that the affidavit allege defendant's ability to make the alimony payments ordered in the decree. Such will be the rule after the publication of this opinion." 94 P.2d at page 1095.

See cases there cited and reviewed; also 22 A.L.R. 1266; 31 A.L.R. 652; 40 A.L.R. 550; 76 A.L.R. 396; and 120 A.L.R. 709,

There is involved no violation of petitioner's rights under the constitutional provision against imprisonment for debt. Const. Art. 1, § 15. The obligation of a husband and father for support of his wife and children is not a "debt" within the meaning of such constitutional provision, and when made specific by the judgment or order of a court of competent jurisdiction, he may be imprisoned in contempt proceedings for a willful failure to perform. State v. Francis, 126 Or. 253, 269 P. 878; Dean v. Dean, 136 Or. 694, 300 P. 1027, 86 A.L.R. 79; In re McCabe, 53 Nev. 463, 5 P.2d 538; Ex parte Bighorse, 178 Okl. 218, 62 P.2d 487; Miller v. Superior Court, 9 Cal.2d 733, 72 P.2d 868; Robinson v. Robinson, 37 Wash.2d 511, 225 P.2d 411; Cain v. Miller, 109 Neb. 441, 191 N.W. 704, 30 A.L.R. 125, and annotation 130; State ex rel. Cook v. Cook, 66 Ohio St. 566, 64 N.E. 567, 58 L.R.A. 625; Holloway v. Holloway, 130 Ohio 214, 198 N.E. 579, 154 A.L.R. 439, and annotation 443.

Petitioner has also urged that the affidavit was invalid because sworn to before one of her counsel, acting as a notary public. We do not find merit in this contention. 74 A.L.R., annotation, page 771.

The petition is denied and petitioner is remanded to the custody of the sheriff of Blaine County.

KEETON, PORTER, ANDERSON and SMITH, JJ., concur.